John L. **BRASSARD** and Edward B.
**Theilen, Plaintiffs,**

v.

**WESTERN CAPITAL
CORPORATION, Defendant.**

No. Civ. 4–89–891.

United States District Court,
D. Minnesota,
Fourth Division.

Dec. 14, 1990.

Thomas J. Rooney, Rooney & Neilson, Arden Hills, Minn., for plaintiffs.

Mark C. Peterson, Fabyanske, Svoboda, Westra & Davis, St. Paul, Minn., Katharine A. Van Tassel, Walter J. Rekstis, Squire, Sanders & Dempsey, Cleveland, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiffs John L. Brassard and Edward B. Theilen filed a complaint in Ramsey County Court seeking an order to compel arbitration of their employment compensation dispute with defendant Western Capital Corporation. The action was removed to the District of Minnesota pursuant to 28 U.S.C. § 1441. Defendant filed a counterclaim. Before the court is defendant's motion to dismiss the complaint for failure to state a claim.

### I.

Plaintiffs were employed by Metalcote Grease & Oil Company prior to the acquisition of substantially all of its assets by defendant in June 1983. After the acquisition, in September 1983, plaintiffs and defendant entered employment contracts which each provided that the employees would receive, as additional compensation, "an amount equal to one-half of the Pre-tax Profits for the Corporation's fiscal year in excess of $1,600,000" (Complaint, Appendices A & B, Schedule I). Brassard would get 65.22% of this one-half of pre-tax profits; Theilen would get 34.78% of this one-half of pre-tax profits. According to plaintiffs' memorandum, each plaintiff was supposed to receive a percentage of the pre-tax profits of the whole corporation, Western Capital. Defendant, on the other hand, contends the contract involves only a percentage of the Metalcote Division of Western Capital, not the whole corporation. According to plaintiffs, if they are correct in interpreting the contract, and defendant is wrong, then Brassard should receive $605,-378.41 in additional compensation and Theilen should receive $322,830.83 in additional compensation.

Defendant filed a counterclaim with its answer, claiming that the plaintiffs' actions over the past six years show that their present interpretation of the contract cannot be correct. According to the defendant, plaintiffs have accepted additional compensation for these six years determined solely by the pre-tax profits of the Metalcote Division, not the whole corporation, but now, for the first time, seek a percentage of the whole corporation's pre-tax profits. Defendant asks that this court declare the 1983 employment agreement modified on the basis of this conduct, or in the alternative to interpret the 1983 contract according to the real intent of the parties to include only the pre-tax profits of the Metalcote Division, or again in the alternative to reform the 1983 contract to include only the pre-tax profits of Metalcote.

At issue in the present motion is whether the employment contracts included an arbitration clause which must be invoked to resolve their dispute over the amount of additional compensation. The clause at issue reads as follows:

The determination of Additional Compensation hereunder shall be made by the Corporation and shall be final and binding unless the Executive shall request a re-determination by independent auditors mutually agreed upon by the parties. Upon such request the independent auditor shall re-determine the amount of Additional Compensation which shall be final and binding on the parties. The cost of the re-determination by the independent auditors shall be paid by the Corporation if the amount of Additional Compensation for the period as re-determined by the auditors exceeds by 5% the amount calculated by the Corporation. Otherwise, such costs shall be paid by the Executive.

In interpreting this clause, defendant focuses on the phrase, "the independent auditor shall re-determine the amount," and argues that this is a clause for an appraisal not arbitration. Defendant notes that while an arbitrator would function in an adjudicatory mode, deciding questions of both fact and law, at an appraisal the powers of the auditor would be limited to those of an accountant making a valuation. Such an appraisal would be inappropriate, defendant contends, because what is at dispute is not the arithmetic calculation of an amount but what the proper *basis* for determining that amount should be.

Plaintiffs respond that under U.S. Supreme Court precedent arbitration is favored and that arbitration should be ordered unless it can be said "with positive assurance" that the contractual clause does not cover the asserted dispute. In the alternative, if the court concludes that the dispute is not subject to arbitration, plaintiffs suggest, without making a motion, that they be allowed to file an amended complaint which would add a new count asking this court to make a judicial determination of the amount of indebtedness owing from defendant to the plaintiffs.

## II.

■ According to Minnesota law, which applies in this case [1], this court is a proper forum to decide whether an agreement to submit a dispute to arbitration exists and whether the dispute is within the scope of an arbitration clause. Minn.Stat.Ann. § 572.09(a), *Cloquet Education Ass'n v. Independent School Dist. No. 94*, 344 N.W.2d 416, 418 (Minn.1984). When the existence of an arbitration agreement is at issue, "the court shall proceed summarily to the determination of the issues so raised and shall order arbitration if found for the moving party, otherwise, the arbitration shall be denied." Minn.Stat.Ann. § 572.09(a). "If no agreement to arbitrate exists, either in fact or because the controversy sought to be arbitrated is not within the scope of the arbitration clause of the contract, the court may interfere and protect a party from being compelled to arbitrate." *Cloquet Education Ass'n*, 344 N.W.2d at 418, *quoting Atcas v. Credit Clearing Corp. of America*, 292 Minn. 334, 197 N.W.2d 448, 452 (1972).

■ The clause in question in this case is clearly an appraisal agreement, not an arbitration agreement. Despite the fact that the word "arbitration" is not once used in the clause, plaintiffs argue that it is really an arbitration clause, that this dispute is covered by the clause, and that arbitration should therefore be ordered. There is no ambiguity, however, that on its face the clause is for valuation, not arbitration, and should properly be called an appraisal (or appraisement) clause. Defendant is correct to cite for this point *Sanitary Farm Dairies v. Gammel*, 195 F.2d 106, 113 (8th Cir.1952) (applying Minnesota law): "In general, where parties to a contract, before a dispute and in order to avoid one, provide for a method of ascertaining the value of something related to their dealings, the provision is one for an appraisement and not for an arbitration."

**1.** The Federal Arbitration Act does not apply because the present contract is excluded by the terms of 9 U.S.C. § 1, that "nothing herein contained shall apply to contracts of employment of … [any] workers engaged in foreign or in-terstate commerce." However, the Federal Arbitration Act would follow basically the same procedures and come to the same conclusions as the Minnesota law applied in this memorandum opinion.

In light of this conclusion, the question of whether this dispute is covered by the appraisal clause need not be reached. Plaintiffs have not asked this court for an order to compel appraisal or valuation.

Defendant's motion to dismiss should be granted. Minnesota law authorizes an order to compel arbitration but the contract at issue does not provide for arbitration of the instant dispute. Based on the pleadings alone, and assuming for this motion that all the complaint's allegations are true, plaintiffs have failed to state a claim for which relief can be granted under the law.

Defendant's proposed order submitted with its motion to dismiss seeks the dismissal of the case with prejudice. At oral argument, defendant stated that the proposed dismissal should include its counterclaim if the counterclaim could be dismissed without prejudice.[2] Because a motion to amend the complaint was never filed and would be untimely at this stage in the proceedings—this case was scheduled to be ready for trial as of October 1, 1990—defendant's motion to dismiss the case should be granted.

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss plaintiffs' complaint with prejudice is granted;

2. Defendant's counterclaim is dismissed without prejudice.

---

**2.** The counterclaim and count II of plaintiffs' suggested amended complaint cover essentially the same issues. The merits of neither the counterclaim nor count II of the suggested amended complaint have been reached in this motion.