1997 ND 93

**Clayton SYMINGTON, Plaintiff and Appellant,**

v.

**WALLE MUTUAL INSURANCE COMPANY, Defendant and Appellee,**

and

**Citizens Insurance Agency of Cavalier; and Steven Brekke, Defendants and Appellants.**

**Civil No. 960340.**

Supreme Court of North Dakota.

May 13, 1997.

Kenneth F. Johannson (argued), of Johannson, Taylor, Rust, Tye & Fagerlund, P.A., Crookston, MN, for plaintiff and appellant.

Thomas L. Zimney . (argued), of Vaaler, Warcup, Woutat, Zimney & Foster, Grand Forks, for defendants and appellants.

Jay H. Fiedler (argued), of Pearson, Christensen, Larivee, Clapp, Fiedler & Fischer, Grand Forks, for defendant and appellee.

MARING, Justice.

[¶ 1] Clayton Symington, Citizens Insurance Agency of Cavalier, and Steven Brekke appealed from a partial summary judgment declaring a farm property insurance policy issued by Walle Mutual Insurance Company did not provide coverage for the loss of Symington's feeder pigs. We hold the trial court did not abuse its discretion in certifying the partial summary judgment as final under N.D.R.Civ.P. 54(b). We also hold Symington's loss was not a covered cause of loss under the insurance policy. We affirm.

[¶ 2] Symington raised feeder pigs on his farm near Neche, North Dakota. In 1994, a racoon became entangled in a power line on the farm and interrupted electrical service. As a result, the ventilating system in a barn quit working, and the barn overheated, suffocating about 720 of Symington's feeder pigs. At the time of the loss, Walle Mutual insured Symington under a farm property policy procured through Citizens Insurance and Brekke (collectively referred to as Citizens Insurance). Walle Mutual denied coverage, asserting the policy did not provide coverage for Symington's loss.

[¶ 3] Symington sued Walle Mutual and Citizens Insurance. Symington alleged Walle Mutual's farm policy provided coverage for the loss. Symington also alleged that, if Walle Mutual's policy did not provide coverage for the loss, Citizens Insurance negligently failed to procure coverage and misrepresented that coverage had been provided.

[¶ 4] The trial court granted summary judgment for Walle Mutual, ruling the loss did not result from a covered cause of loss under the policy. The court granted certifi-

cation under N.D.R.Civ.P. 54(b), and partial summary judgment was entered dismissing Symington's claim against Walle Mutual. Symington and Citizens Insurance appealed.

[¶ 5] Rule 54(b), N.D.R.Civ.P., authorizes a trial court to enter a final judgment adjudicating fewer than all of the claims or the rights and liabilities of fewer than all of the parties upon "express determination that there is no just reason for delay" and "express direction for the entry of judgment." We are not bound by a trial court's Rule 54(b) certification, and we review the court's decision under the abuse-of-discretion standard. *Sickler v. Kirkwood*, 1997 ND 40, ¶ 5, 560 N.W.2d 532, 533; *Wyatt v. Adams*, 551 N.W.2d 775, 777 (N.D.1996); *Gessner v. City of Minot*, 529 N.W.2d 868, 870 (N.D.1995).

[¶ 6] The trial court's discretion must be measured against the "interest of sound judicial administration." *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 10, 100 S.Ct. 1460, 1466, 64 L.Ed.2d 1 (1980), quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956). In *Union State Bank v. Woell*, 357 N.W.2d 234, 236 (N.D.1984), we noted a "marked increase" in Rule 54(b) certifications and said they should not be routinely granted. We cited *Allis–Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3rd Cir.1975), for a non-inclusive list of relevant factors for a trial court to assess in deciding Rule 54(b) certification:

(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency consider-

ations, shortening the time of trial, frivolity of competing claims, expense, and the like. *Woell*, 357 N.W.2d at 238.

[¶ 7] Here, the trial court decided Walle Mutual's farm policy with Symington did not provide coverage for his loss. The court said Symington's remaining claims against Citizens Insurance, although predicated upon a determination that Walle Mutual's policy did not provide coverage, were separate and distinct from the claim against Walle Mutual. The court stated Symington's remaining claims could have been brought separately, but were consolidated merely for purposes of economy and to avoid duplication of discovery and attendant expenses.[1] The court decided there was no just reason for delay in the entry of judgment of dismissal against Walle Mutual.

[¶ 8] We agree with the trial court that Symington's remaining claims against Citizens Insurance, although contingent upon a determination that Walle Mutual's farm policy did not provide coverage to Symington, are separate and distinct from the issue of coverage. Symington's claims against Citizens Insurance allege negligent failure to procure coverage and misrepresentation that coverage had been provided. No matter how those remaining contingent claims against Citizens Insurance are decided, the coverage issues raised in this appeal will always need to be resolved and will never be mooted by future developments in the trial court. *See Wyatt*, 551 N.W.2d at 777; *Gessner*, 529 N.W.2d at 870. Instead, the converse is true. A decision on Symington's remaining contingent claims against Citizens Insurance will be unnecessary if there is coverage under Walle Mutual's policy. In this posture, our appellate resolution of the coverage issue now will not result in an advisory opinion. Under the framework of *Woell*, we conclude the trial court did not abuse its discretion in granting Rule 54(b) certification to allow ap-

---

1. Symington's claims against Walle Mutual and Citizens Insurance were brought in one action and there was no order for a separate trial or for a severance. *See Buurman v. Central Valley School Dist.*, 371 N.W.2d 146, 148 (N.D.1985) and *Federal Land Bank v. Wallace*, 366 N.W.2d 444, 448 (N.D.1985) (comparing N.D.R.Civ.P. 21, which does not require Rule 54(b) certification if remaining claims are severed, with N.D.R.Civ.P. 42, which requires Rule 54(b) certification if separate trial ordered for remaining claims). The proper forum for analysis of a motion for a separate trial or for a severance is in the trial court and not in this court.

pellate determination of the coverage issue before further proceedings on the contingent claims against Citizens Insurance.

[¶ 9] Symington and Citizens Insurance contend the trial court erred in deciding there was no coverage under Walle Mutual's policy with Symington.

[¶ 10] We consider this issue in the posture of summary judgment, which is a procedure for promptly deciding a lawsuit without a trial if, after viewing the evidence and possible inferences in the light most favorable to the party opposing the motion, there is no genuine dispute about material facts or inferences from undisputed facts, or if only a question of law is involved. *Nodak Mut. Ins. Co. v. Heim,* 1997 ND 36, ¶ 8, 559 N.W.2d 846, 848.

[¶ 11] In *Northwest G.F. Mut. Ins. Co. v. Norgard,* 518 N.W.2d 179, 181 (N.D.1994) (citations omitted), we outlined our framework for construing insurance policies:

> The interpretation of an insurance policy is a question of law, fully reviewable on appeal.... Our goal when interpreting insurance policies, as when construing other contracts, is to give effect to the mutual intention of the parties as it existed at the time of contracting.... Generally, we attempt to ascertain the intent of the parties through the language of the contract itself.... To the extent practicable, we give effect to every provision of the contract.... Unambiguous language will be given its clear meaning; ... we will not rewrite a contract to impose liability on an insurer if the policy unambiguously precludes coverage....
>
> We regard insurance policies as adhesion contracts, ... and therefore, in applying the rules to resolve ambiguities, we balance the equities against the insurer, i.e., in favor of providing coverage to the insured.... Furthermore, if the rules for interpreting a written contract do not remove uncertainty, the language of the contract is to be construed most strongly against the party who drafted the contract.... The determination of whether a contract is ambiguous is a question of law.... Contract language is ambiguous if it can be reasonably construed as having

at least two alternative meanings.... We consider whether a person not trained in the law or in the insurance business can clearly understand the language.

[¶ 12] The insuring clause of Walle Mutual's policy with Symington provided coverage for "direct physical loss of or damage to Covered Property at the 'insured location' described in the Declarations, or elsewhere as expressly provided below, caused by or resulting from any Covered Cause of Loss." The pigs were "covered property" under coverage for unscheduled livestock. A condition of coverage for unscheduled livestock specified that any loss be "caused by, resulting from or made necessary by a covered cause of loss."

[¶ 13] The policy defined "covered causes of loss" as:

> B. COVERED CAUSES OF LOSS
>
> Covered Causes of Loss means the causes as described and limited under either B.1. or B.2. or B.3. below in accordance with a corresponding entry of either BASIC or BROAD or SPECIAL, respectively, on the Declarations opposite each Coverage or property to which this insurance applies.
>
>     \*      \*      \*      \*      \*      \*
>
> B.1. Covered Causes of Loss–BASIC
> Subject to B. above, when BASIC is shown in the Declarations, Covered Causes of Loss means the following:
>
>     \*      \*      \*      \*      \*      \*
>
> B.2. Covered Causes of Loss–BROAD
> Subject to B. above, when BROAD is shown in the Declarations, Covered Causes of Loss means the Covered Causes of Loss under Section B.1. Covered Causes of Loss—BASIC, plus the following:
>
>     \*      \*      \*      \*      \*      \*
>
> B.3. Covered Causes of Loss–SPECIAL
> Subject to B. above, when SPECIAL is shown in the Declarations, Covered Causes of Loss means RISKS OF DIRECT PHYSICAL LOSS unless the loss is excluded in the following paragraphs or in Section C. Exclusions.

It is undisputed that Walle Mutual failed to make a "corresponding entry of either BASIC or BROAD or SPECIAL, respectively, on the Declarations opposite" unscheduled livestock.

[¶ 14] Symington and Citizens Insurance contend Walle Mutual's failure to designate either basic, broad, or special on the declaration for unscheduled livestock means the limitations from those three categories of covered causes of loss are not applicable to Symington's loss. Instead, they argue Walle Mutual's policy provides coverage for all losses of unscheduled livestock unless specifically excluded in other provisions of the policy.

[¶ 15] Walle Mutual's policy does not clearly and unambiguously designate which category of covered causes of loss applies to unscheduled livestock. Walle Mutual's failure to make a designation, however, does not mean that those categories of covered causes of loss are not applicable to unscheduled livestock, or that the policy is an "all-risk" policy. The policy's coverage clause specifically links coverage to losses "resulting from any Covered Cause of Loss," and the loss conditions for unscheduled livestock specify the loss must be "caused by, resulting from or made necessary by a covered cause of loss." Construing the policy as an "all-risk" policy would negate those provisions. We conclude the policy evidences a clear intent to provide coverage only for a "covered cause of loss" as defined in the policy.

[¶ 16] The uncertainty involves the effect of Walle Mutual's failure to designate one of the three categories of covered causes of loss for unscheduled livestock. Although we strictly construe ambiguities in insurance policies against the insurer, we agree with the trial court that the effect of Walle Mutual's failure to designate a category of covered causes of loss for unscheduled livestock does not automatically mean the policy provides coverage for any loss. *See Walle Mutual Ins. Co. v. Sweeney*, 419 N.W.2d 176, 178–79 (N.D.1988) (rules of contractual interpretation have priority over strict construction rule and do not mandate leap from finding of ambiguity to finding of coverage). Instead, construing the coverage clause and the definition of "covered causes of loss" together and in favor of providing coverage to Symington, we conclude Walle Mutual's policy provides coverage if the loss of the feeder pigs fits under any of the three undesignated categories of "covered causes of loss" specified in the policy.

[¶ 17] Under the policy, "basic" and "broad" coverage are defined in terms of losses caused by specifically described occurrences. Symington cites the following provision of "basic" coverage [2] which refers to livestock and smothering:

B.1.... Basic ... Covered Causes of Loss means the following:

\* \* \* \* \* \*

b. Windstorm Or Hail, but not including:

\* \* \* \* \* \*

(3) Loss of or damage to:

\* \* \* \* \* \*

(c) Under Coverage E or Coverage F:

(i) "Livestock" or "poultry" when caused by running into streams, ponds or ditches, or against fences or other objects; or from smothering; or resulting directly or indirectly from fright;

(ii) "Livestock" or "poultry" when caused by freezing or smothering in blizzards or snowstorms; ...

When construed as a whole to give meaning to each word and phrase, that language provides coverage for loss by windstorm or hail, but does not include coverage for the death of Symington's pigs under the circumstances of this case.

■ [¶ 18] "Special" coverage broadly applies to all risks of direct physical loss, unless the loss is excluded from coverage by other provisions of the policy. One of the specific exclusions to "special" coverage says Walle Mutual will not pay for "loss of or damage to ... Livestock." Under that plain language, loss of livestock, which is defined to include swine, is, as a matter of law, excluded from "special" covered causes of loss.

---

**2.** The parties have relied on no other basic or broad "covered causes of loss."

[¶ 19] Construing the policy and Walle Mutual's failure to designate the category of covered causes of loss applicable to unscheduled livestock in the manner most favorable to Symington, we hold the loss of the feeder pigs did not result from any of the "covered causes of loss" enumerated in the policy.

[¶ 20] We affirm the partial summary judgment in favor of Walle Mutual.

[¶ 21] VANDE WALLE, C.J., and MESCHKE, SANDSTROM and NEUMANN, JJ., concur.