1998 ND 215

**MINOT TOWN & COUNTRY,**
**Applicant and Appellant,**

v.

**FIREMAN'S FUND INSURANCE**
**COMPANY, Respondent and**
**Appellee.**

Civil No. 980187

Supreme Court of North Dakota.

Dec. 22, 1998.

Shane C. Goettle of McGee, Hankla, Backes & Dobrovolny, Minot, N.D., for applicant and appellant.

Joseph F. Lulic of Hanson Lulic & Krall, Minneapolis, MN, and Ronald H. McLean and Jane L. Dynes of Serklund, Lundberg, Erickson, Marcil & McLean, Fargo, N.D., for respondent and appellee.

NEUMANN, Justice.

[¶ 1] Minot Town & Country appeals from the order of the district court denying their motion for judgment vacating arbitration award. We affirm.

## I

[¶ 2] In August 1995, a hail storm occurred in Minot, causing damage to a structure owned by Town & Country. As a result, Town & Country filed a claim with the Fireman's Fund Insurance Company. A disagreement arose between the parties, which ultimately triggered an appraisal provision in the insurance contract.

[¶ 3] Under the insurance contract, each party was to select "a competent and impartial appraiser." Town & Country selected Tom P. Slorby and the Fireman's Fund selected Mark V. Larson. The insurance contract also required the two appointed appraisers to select an umpire. The two appointed appraisers selected Gary R. Sorensen to be the umpire.

[¶ 4] Town & Country corresponded with the Fireman's Fund objecting to its appointment of Larson as an appraiser. In a letter dated May 6, 1997, Town & Country objected to Larson's impartiality based on his involvement in a lawsuit. On May 16, 1997, the Fireman's Fund sent a letter disagreeing with the objection, and stating Larson had informed the Fireman's Fund he could be impartial and completely disinterested. On May 27, 1997, Town & Country sent a letter reiterating their objection, but also stating if Larson felt he could be impartial there was no reason to argue the issue prior to the proceeding.

[¶ 5] On August 28, 1997, the appraisers made an award, which each signed, stating the actual cash value and the replacement value of the roof system and the parapet of the roof system.

[¶ 6] In November 1997, Town & Country moved for judgment vacating the arbitration award. The district court denied the motion. Town & Country appealed the denial of the motion.

## II

■ [¶ 7] Town & Country argues the Uniform Arbitration Act, N.D.C.C. ch. 32–29.2, applies to the proceeding the parties used under the insurance contract. We disagree.

■ [¶ 8] We have previously noted there is a difference between "appraisal" and "arbitration." *Erickson v. Farmers Union Mut. Ins. Co.*, 311 N.W.2d 579, 581 (N.D.1981). While it is true both procedures are designed to effect speedy and efficient resolutions in lieu of judicial proceedings, there are significant differences between the two. *Hartford Lloyd's Ins. Co. v. Teachworth*, 898 F.2d 1058, 1061 (5th Cir.1990). Generally, arbitration is a quasi-judicial proceeding that ordinarily will decide the entire controversy. *Id.* at 1061–62; *see* N.D.C.C. §§ 32–29.2–05, 32–29.2–07 (stating arbitrators shall have a hearing and may issue subpoenas, administer oaths, or cause depositions to be taken). Conversely, appraisal establishes only the amount of a loss and not liability for the loss under the insurance contract. *Elberon Bathing v. Ambassador Ins. Co.*, 77 N.J. 1, 389 A.2d 439, 446 (N.J.1978); *Kawa v. Nationwide Mut. Fire Ins. Co.*, 174 Misc.2d 407, 664 N.Y.S.2d 430, 432 (N.Y.Sup.1997); *Teachworth*, 898 F.2d at 1062; 14 George J. Couch et al., *Couch on Insurance 2d* § 50:3, at 163–64 (Rev. ed 1982).

[¶ 9] Under North Dakota's Arbitration Act, a written agreement among the parties to submit any existing controversy to arbitration must exist. N.D.C.C. § 32–29.2–01. The insurance contract between Town & Country and the Fireman's Fund, insofar as it appears in the record, provides:

2. Appraisal

If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

a. Pay its chosen appraiser; and

b. Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

[¶ 10] Very similar language, with the exception of the final clause, was analyzed by the New Jersey Supreme Court in *Elberon* and was determined to be an agreement for an appraisal and, therefore, not subject to the state's Arbitration Act. *Elberon*, 389 A.2d at 441–42, 446. We agree with the decision in *Elberon*, and conclude the proceeding defined in the parties' insurance contract to be one for appraisal, not a written agreement to arbitrate under N.D.C.C. § 32–29.2–01. The last clause of the provision clearly allows the Fireman's Fund the right to deny coverage. Therefore, the proceeding has only established the amount of the loss, leaving liability to further, possibly judicial, determination. *See, e.g., Kawa*, 664 N.Y.S.2d at 432 (noting appraisal decides only matters of loss, leaving all other issues for determination in a plenary action).

[¶ 11] It is a general maxim the substance of what occurred and not the name given to the proceeding should control whether an appraisal or an arbitration has occurred. Couch, *supra* § 50:5, at 165. Here the parties entered into an insurance contract unambiguously calling for an appraisal. *See Brassard v. Western Capital Corp.*, 763 F.Supp. 1017, 1019 (D.Minn.1990). The parties to a contract are free to operate within the contract as they see fit, and we will not interpret an unambiguous clause to mean otherwise in light of those actions. *See Symington v. Walle Mut. Ins. Co.*, 1997 ND 93, ¶ 11, 563 N.W.2d 400 (stating unambiguous language in an insurance policy will be given its clear meaning); *Roen Land Trust v. Frederick*, 530 N.W.2d 355, 357 (N.D.1995) (stating if the language of the contract is clear and unambiguous, and the intent is apparent on the face of the contract then there is no room for interpretation and the parties have in effect made their own law).

[¶ 12] Because the proceeding used by Town & Country and the Fireman's Fund was an appraisal, we need not reach the arguments pertaining to the application of the Arbitration Act.

[¶ 13] Town & Country alternatively argues the district court should be reversed because the insurance contract required the appraisers to be "impartial." This argument is not appropriately raised under the Uniform Arbitration Act; and this is not an action for breach of the contract.

### III

[¶ 14] We affirm the judgment of the district court denying the vacation of the appraisal award under the Uniform Arbitration Act, N.D.C.C. ch. 32–29.2.

[¶ 15] VANDE WALLE, C.J., and MARING, KAPSNER and SANDSTROM, JJ., concur.