# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 186

Branden Wilkens,                                                       Plaintiff and Appellant

v.

Tarin L. Westby, Deceased,                                     Defendant and Appellee

No. 20180430

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Kirsten M. Sjue, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Jeffrey S. Weikum, Bismarck, ND, for plaintiff and appellant.

Nils J.D. Eberhardt (argued) and Jerry W. Evenson (on brief), Bismarck, ND, for defendant and appellee.

## Wilkens v. Westby

## No. 20180430

**McEvers, Justice.**

[¶1]     Branden Wilkens appeals from a district court judgment and order dismissing his complaint against Tarin L. Westby without prejudice, concluding service under N.D.C.C. § 39-01-11 was improper.  We affirm.

I

[¶2]     On February 14, 2012, Wilkens and Westby were involved in a car accident in North Dakota, resulting in Westby's death on the day of the accident.  In February 2018, Wilkens served a summons and complaint asserting a claim of negligence against Westby upon the director of the Department of Transportation ("the Department") under N.D.C.C. § 39-01-11, which allows residents to serve legal process upon the director of the Department when the party being served is (1) a resident absent from the state continuously for at least six months following an accident, or (2) a nonresident.  In March 2018, an attorney answered on Westby's behalf, asserting affirmative defenses.  The attorney moved to dismiss the complaint, arguing personal jurisdiction was lacking and service under N.D.C.C. § 39-01-11 was improper, because Westby, a deceased person, did not fit into the definition of "nonresident," under the statute and was not "absent from the state" by virtue of his death.  Wilkens opposed the motion and a hearing was held.  The district court issued its findings at the hearing on the record, concluding Westby was neither a "nonresident," nor "absent from the state" by virtue of his death for purposes of service under N.D.C.C. § 39-01-11.  The court granted Westby's motion to dismiss without prejudice, basing its decision on lack of jurisdiction, but recognized the practical effect, based on the statute of limitations, would be a dismissal with prejudice.  Wilkens appeals from the court's order dismissing his claim.

## II

[¶3] Ordinarily, an order dismissing a complaint without prejudice is not appealable, however, such an order may be final and appealable "if the dismissal has the practical effect of terminating the litigation in the plaintiff's chosen forum." *James Vault & Precast Co. v. B&B Hot Oil Serv., Inc.*, 2018 ND 63, ¶ 10, 908 N.W.2d 108. A dismissal without prejudice is appealable where the statute of limitations has run because a dismissal without prejudice in that case effectively forecloses litigation. *Id.* Here, there is no dispute the statute of limitations has expired. The practical effect of the district court's order dismissing Wilkens' claim was to terminate the litigation. Therefore, the court's order without prejudice is considered final and appealable.

[¶4] The district court's order ruled on the issue of personal jurisdiction which is fully reviewable on appeal:

> "Analysis of a [district] court's ruling regarding personal jurisdiction is a question of law, and we use the de novo standard of review for legal conclusions and a clearly erroneous standard for factual findings." *Bolinske v. Herd*, 2004 ND 217, ¶ 7, 689 N.W.2d 397. A finding of fact is clearly erroneous if it is not supported by any evidence, if, although some evidence supports the finding, a reviewing court is left with a definite and firm conviction a mistake has been made, or if the finding is induced by an erroneous conception of the law. *Id.*

*Spirit Prop. Mgmt. v. Vondell*, 2017 ND 158, ¶ 16, 897 N.W.2d 334.

## III

[¶5] There is no factual dispute process was served on the director of the Department. On appeal, Wilkens argues N.D.C.C. § 39-01-11 enables him to serve the director of the Department when initiating a suit against the deceased, Westby, because the term "absent" in the statute contemplates a resident's absence from the state caused by death. North Dakota's nonresident motorist statute, N.D.C.C. § 39-01-11, states:

The use and operation by a resident of this state or that person's agent, or by a nonresident or that person's agent, of a motor vehicle upon or over the highways of this state must be deemed an appointment by such *resident* when that person has been *absent* from this state continuously for six months or more following an accident *or* by such *nonresident at any time*, of the director of the department of transportation of this state to be the person's true and lawful attorney upon whom may be served all legal process in any action or proceeding against the person growing out of the use or operation of the motor vehicle resulting in damages or loss to person or property, whether the damage or loss occurs upon a public highway or upon public or private property, and such use or operation constitutes an agreement that any such process in any action against the person which is so served has the same legal force and effect as if served upon the person personally, or, in case of the person's death, that such process has the same legal force and effect as if served upon the administrator of the person's estate. Service of the summons in such case may be made by delivering a copy thereof to the director with a fee of ten dollars.

(Emphasis added.) Wilkens argues Westby was a North Dakota resident at the time of the accident but that since his death, he "has continually been absent from this state for more than six months." The attorney for Westby argues the death of a resident does not make the resident continually absent from the state for six months for purposes of N.D.C.C. § 39-01-11. The issue of service on a deceased resident under N.D.C.C. § 39-01-11 is a matter of first impression for this Court.

[¶6] Issues regarding interpretation and application of statutes are questions of law and are fully reviewable on appeal. *Johnston Land Co., LLC v. Sorenson*, 2018 ND 183, ¶ 10, 915 N.W.2d 664. When interpreting statutes:

Our primary goal . . . is to ascertain the intent of the legislature, and we first look to the plain language of the statute and give each word of the statute its ordinary meaning. When the wording of the statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. If, however, the statute is ambiguous or if adherence to the strict letter of the statute would lead to an absurd or ludicrous result, a court may resort to extrinsic aids, such as legislative history, to interpret the statute. A statute is ambiguous if it [is] susceptible to meanings that are different, but rational. We presume the legislature did not intend an absurd or ludicrous result or unjust consequences, and we construe statutes in a practical manner,

3

giving consideration to the context of the statutes and the purpose for which they were enacted.

*Riemers v. Jaeger*, 2018 ND 192, ¶ 11, 916 N.W.2d 113 (citations omitted). "Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined by statute or unless a contrary intention plainly appears." *Great W. Bank v. Willmar Poultry Co.*, 2010 ND 50, ¶ 7, 780 N.W.2d 437 (citation omitted). "Our interpretation of a statute must be consistent with legislative intent and done in a manner which will accomplish the policy goals and objectives of the statutes." *Haugenoe v. Workforce Safety & Ins.*, 2008 ND 78, ¶ 8, 748 N.W.2d 378 (citation and quotation omitted).

[¶7]    The statute covers two classes of prospective defendants: (1) North Dakota residents who have been continuously absent from the state for at least six months post-accident, and (2) nonresidents at any time. Wilkens cites a dictionary definition of "absent" as "not present or attending, not existing," arguing a person who has died is absent by definition. Wilkens further argues that because the statute does not specify the reason for the resident's absence, the cause of the absence—even if death—is irrelevant.

[¶8]    Because "absent" is not a defined term in statute, we interpret it in its ordinary sense. N.D.C.C. § 1-02-02. A dictionary may provide a reliable starting point in determining the meaning of a word not previously defined. *Cossette v. Cass Cty. Joint Water Res. Dist.*, 2017 ND 120, ¶ 19, 894 N.W.2d 858. Using dictionaries close in time to the enactment of a statute is helpful in determining substantive meaning. *Id*. When originally enacted in 1935, North Dakota's nonresident motorist statute only covered one class of individuals: nonresidents. S.B. 85, ch. 174, § 1, 24th Leg. Ass. (1935). Amendments in 1951 added the second class of individuals: residents who have been absent from the state for six months or more following an accident. S.B. 42, ch. 202, § 1, 32nd Leg. Ass. (1951). The definition of "absent" at the time of the 1951 amendments was, in relevant part: "1. Being away from a place; withdrawn from a place; not present . . . 2. Not existing; lacking." *Webster's New International Dictionary* 8 (2nd ed. 1950). A more current definition of "absent," the

4

version Wilkens appears to rely upon in his argument, states: "1. not present or attending . . . 2. not existing." *Merriam-Webster's Collegiate Dictionary* 4 (11th ed. 2005). Because the term has multiple meanings, the dictionary definitions of "absent" are not helpful to resolve the question whether a resident is "absent" for purposes of North Dakota's nonresident motorist statute due to his death.

[¶9]    Wilkens also argues the statute specifically contemplates service upon the director when a person dies, by using the phrase, "or, in case of the person's death, that such process has the same force and effect as if served upon the administrator of the person's estate." N.D.C.C. § 39-01-11. Under the interpretation advanced by Wilkens, any time North Dakota residents are involved in vehicular accidents resulting in the death of a potential tortfeasor, instead of initiating probate proceedings or petitioning for the appointment of a personal representative, a plaintiff claiming negligence against the deceased tortfeasor could initiate his suit by simply serving the director of the Department through our nonresident motorist statute. This interpretation does not align with the purpose of the statute. Wilkens' position fails to acknowledge that the statute only provides that the director may only be appointed the lawful attorney for service of process for a resident absent from the state continuously for six months post-accident or for a nonresident.

[¶10] We have previously discussed the genesis of North Dakota's nonresident motorist statute, N.D.C.C. § 39-01-11, as follows:

> With the development of automobiles and highways the proper use of them became an important matter. Negligent operation of cars became a great source of danger. Some measures protective of local residents seemed necessary. All of the states and the District of Columbia have enacted nonresident motorist statutes along the lines of the one in question. The wording, however is different in many of them and the interpretations of the courts have varied. The purpose of those laws is to give the resident of the state the same protection against nonresident drivers of automobiles on the highways as against the resident drivers. *It is to give local residents access to local courts in actions against nonresident tort feasors*. It saves them the necessity and expense of bringing suit in another state which they, perhaps, could not or would not do because of many practical, financial and

5

geographical obstacles. The nonresident assumes that liability for the privilege of using the roads improved at the expense of local residents.

A primary purpose of statutory construction, is to ascertain the intention of the legislature. In determining this intent courts consider the language used, the evil to be remedied and the object to be attained.

Such construction is favored which tends most fully to promote the object of the statute. In this case that is service on the nonresident owner of the car.

The purpose of Section 28-0611, 1953 Supp. NDRC 1943 [now N.D.C.C. § 39-01-11], is to give the local courts jurisdiction of such nonresident. It is a remedial statute providing the procedure for acquiring jurisdiction and does not involve the question of the liability of such nonresident.

An analysis of Section 28-0611, 1953 Supp. NDRC 1943, shows that the service upon any nonresident in any action for damages growing out of the use and operation of a motor vehicle on the highways or public or private property within the State of North Dakota by him or his agent may be made by service upon the State Highway Commissioner.

*Austinson v. Kilpatrick*, 82 N.W.2d 388, 391-92 (N.D. 1957) (internal citations and quotations omitted) (emphasis added). The purpose of the statute benefits local residents harmed by non-local tortfeasors by removing the geographical obstacle and expense associated with bringing suit out-of-state or serving process on someone out-of-state who may be difficult to locate. When a resident located within the state dies, the geographical obstacle of out-of-state service does not arise. In addition, our statutes provide a method that plaintiffs like Wilkens can use to preserve claims against the deceased. Section 30.1-17-14(2), N.D.C.C., states that a special administrator may be appointed:

In a formal proceeding by order of the court on the petition of any interested person and finding, after notice and hearing, that appointment is necessary to preserve the estate or to secure its proper administration, including its administration in circumstances in which a general personal representative cannot or should not act. If it appears to the court that an emergency exists, appointment may be ordered without notice.

Westby relied on *Muhammed v. Welch*, 2004 ND 46, ¶ 11, 675 N.W.2d 402, for this Court's holding that in instances where a prospective defendant is deceased with no

6

probate proceedings initiated and no personal representative of the estate, "the proper procedure is for a claimant to initiate probate proceedings in order to present a claim against the estate."

[¶11] Other states considering whether a person's death makes the person continuously absent from the state have also concluded that being dead is not the same as being absent. *See Zahler v. Manning*, 295 N.W.2d 511, 513 (Minn. 1980) (discussing nonresident motorist statute and concluding a person's death is not tantamount to being continuously absent from the state for six months); *Schor v. Becker*, 263 A.2d 324, n.4 (Penn. 1970) (stating substituted service on a deceased person was without validity where he was neither a nonresident nor a resident who becomes a nonresident or who conceals his whereabouts).

IV

[¶12] We hold that N.D.C.C. § 39-01-11 applies only to nonresidents or residents continuously absent from the state for six months or more post-accident, and for purposes of this statute, death does not make a resident absent from the state. We agree with the district court that Wilkens could not initiate an action by serving the director of the Department under N.D.C.C. § 39-01-11 when Westby, a resident of North Dakota, died in-state as a result of the vehicular accident precipitating the negligence claim. Therefore, we affirm the district court's judgment and order dismissing Wilkens' action.

[¶13] Lisa Fair McEvers
Daniel J. Crothers
Jerod E. Tufte
Jon J. Jensen
Gerald W. VandeWalle, C.J.