FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
JULY 8, 2021
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 124

| | |
|---|---|
| Trinda Ann Eubanks, | Plaintiff and Appellee |
| v. | |
| Justin Gary Fisketjon, | Defendant and Appellant |
| and | |
| State of North Dakota, | Statutory Real Party in Interest |

### No. 20200288

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Joshua  B. Rustad, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by VandeWalle, Justice.

Gregory W. Liebl, Fargo, ND, for plaintiff and appellee.

Jonathan L. Green, Wahpeton, ND, for defendant and appellant.

## Eubanks v. Fisketjon
## No. 20200288

**VandeWalle, Justice.**

[¶1]  Justin Fisketjon appealed from a judgment determining primary residential responsibility of the parties' minor child and awarding child support. We reverse a portion of the judgment awarding child support and remand the case for recalculation of the child support amount. We summarily affirm the judgment in all other respects.

I

[¶2]   The parties were never married. Trinda Eubanks sued Justin Fisketjon for primary residential responsibility of the parties' minor child and for child support in September 2018. On April 25, 2019, the district court ordered Fisketjon to pay Eubanks $1,208 a month in child support. In February 2020, the court held a two-day trial. After the trial, Fisketjon filed a motion to reopen the record to present additional evidence. The court denied his motion. On September 1, 2020, the court entered judgment awarding Eubanks primary residential responsibility of the child and the majority of parenting time. The judgment also ordered Fisketjon to pay Eubanks child support under the same terms as its initial child support order. Fisketjon filed his notice of appeal on October 30, 2020.

II

[¶3]  Fisketjon challenges the district court's award of child support, its primary residential responsibility determination, and its allocation of parenting time. As a threshold matter, Eubanks claims Fisketjon's appeal of the child support issue is untimely because it was not made within sixty days of the initial order awarding child support, which Eubanks claims is "final" and "not interlocutory."

[¶4]  "Only judgments and decrees which constitute a final judgment of the rights of the parties to the action and orders enumerated by statute are

appealable." *Brummund v. Brummund*, 2008 ND 224, ¶ 5, 758 N.W.2d 735. Rule 54(b), N.D.R.Civ.P., states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Under Rule 54(b), a district court may certify a judgment disposing of fewer than all claims as final when it determines there is "no just reason for delay." *Dellinger v. Wolf*, 2020 ND 112, ¶ 5, 943 N.W.2d 772. "Absent a Rule 54(b) certification, a decision of the trial court which fails to adjudicate all of the claims of all of the parties is interlocutory and not appealable." *Kessel v. W. Sav. Credit Union*, 434 N.W.2d 356, 357 (N.D. 1989).

[¶5] Here, although the parties were never married, we believe the district court's support order is comparable to the temporary support order provided for in N.D.C.C. § 14-05-23. Eubanks, in her pleading, asked the court to determine primary residential responsibility, which had not been decided at the time the temporary support order was issued. The child support order therefore did not decide all of the claims brought by Eubanks in this action. It was interlocutory and not appealable. Because Fisketjon filed his notice of appeal within sixty days of service of notice of entry of the final judgment, which orders him to pay child support, we conclude his appeal is timely. *See* N.D.R.App.P. 4(a)(1). Having determined Fisketjon's appeal is timely, we turn to the merits.

## III

[¶6] Fisketjon asserts the district court improperly included his roommate's share of rent as income in its child support calculation. We apply a mixed standard of review to appeals from child support determinations:

> "Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may,

2

in some limited areas, be matters of discretion subject to the abuse of discretion standard of review." *Grossman v. Lerud*, 2014 ND 235, ¶ 6, 857 N.W.2d 92 (quoting *State ex rel. K.B. v. Bauer*, 2009 ND 45, ¶ 8, 763 N.W.2d 462). "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, on the entire record, we are left with a definite and firm conviction that a mistake has been made." *Richter v. Houser*, 1999 ND 147, ¶ 3, 598 N.W.2d 193.

*Gooss v. Gooss*, 2020 ND 233, ¶ 14, 951 N.W.2d 247.

[¶7] Under the child support guidelines set out in N.D. Admin. Code ch. 75-02-04.1, the district court is required to determine an obligor's net income and apply that amount to the guidelines to calculate the child support obligation. *Willprecht v. Willprecht*, 2020 ND 77, ¶ 29, 941 N.W.2d 556. The guidelines provide definitions for both gross income and net income. *See* N.D. Admin. Code § 75-02-04.1-01(4) and (6). Income, for purposes of child support calculations, is also defined by N.D.C.C. § 14-09-09.10(9) as "any form of payment, regardless of source, owed to an obligor . . . ."

[¶8] Fisketjon testified at trial:

> I share my apartment with [my roommate] and we both pay half of the rent. It's not rental income to me. He pays half and I pay half, so it's not income.
>
> .  .  .
>
>     He doesn't pay me per se, he gives me the half. The full amount comes out of my checking account and he gives me his half — 500.

The rental lease, which listed Fisketjon and his roommate as lessees, was admitted into evidence. The district court's judgment includes half the rental amount as Fisketjon's income in its child support calculation.

[¶9] We conclude the district court erred as a matter of law. Fisketjon and his roommate had an equal obligation to pay their landlord the full amount of the rent under the terms of the lease. The rental obligation is money owed to the

landlord; it is not money owed to Fisketjon. Thus, the roommate's share of the rent is not a "payment . . . owed to an obligor" as required by the N.D.C.C. § 14-09-09.10(9) definition of income. We reverse the district court's judgment to the extent it includes a portion of Fisketjon and his roommate's rental obligation as Fisketjon's income.

IV

[¶10] Fisketjon makes various arguments concerning the district court's primary residential responsibility determination and its allocation of parenting time. We reject his arguments.

A

[¶11] Fisketjon challenges the district court's primary residential responsibility determination. He asserts we should take judicial notice that he pled guilty to disorderly conduct, a charge the court incorrectly characterized as simple assault in its analysis. Although we grant Fisketjon's request, it does not change our decision. Both parties agree the incident underlying the charge does not raise a presumption of domestic violence under subsection j of the best interest factors. *See* N.D.C.C. § 14-09-06.2(1)(j). Because the district court's findings support its primary residential responsibility determination, we summarily affirm under N.D.R.App.P. 35.1(a)(2).

B

[¶12] Fisketjon challenges the district court's allocation of parenting time arguing "a district court should have to grant a noncustodial parent as much time as possible unless and until it issues findings as to why the parenting time should be reduced." He requests we remand the case for the district court to make additional findings concerning his right to parent. We decline to do so. We have long held parenting decisions must be made in light of the child's best interests. *See Nelson v. Ecklund*, 283 N.W. 273, 275 (N.D. 1938) ("the rights of the parents are to be enforced in the light of the best interest of the child, the best interests of the child being paramount."). The requirement that parenting decisions are determined in light of the child's best interest is codified. *See* N.D.C.C. § 14-09-06.2 (setting out the best interests factors). The district

court's findings support a determination that unequal parenting time is in the child's best interests. We summarily affirm under N.D.R.App.P. 35.1(a)(2) and (7).

## C

[¶13] Fisketjon argues the district court erred when it denied his post-trial motion to reopen the record to present additional evidence concerning Eubanks' fitness to parent. We summarily affirm under N.D.R.App.P. 35.1(a)(4). *See Vandal v. Leno*, 2014 ND 45, ¶ 26, 843 N.W.2d 313 (a district court's decision on whether to reopen the record to receive additional evidence is reviewed for an abuse of discretion).

## V

[¶14] We conclude the appeal is not frivolous and therefore deny Eubanks' requests for attorney fees under N.D.R.App.P. 38.

## VI

[¶15] We reverse the portion of the judgment awarding child support and remand the case for recalculation of the child support amount in accordance with this opinion. The judgment is affirmed in all other respects.

[¶16] Jon J. Jensen, C.J.
 Gerald W. VandeWalle
 Daniel J. Crothers
 Lisa Fair McEvers
 Jerod E. Tufte