FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
DECEMBER 23, 2021
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2021 ND 229

Joseph S. Motisi,                                                   Petitioner and Appellant

v.

Hebron Public School District,                          Respondent and Appellee

### No. 20210248

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Douglas A. Bahr, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Michael J. Geiermann, Bismarck, ND, for petitioner and appellant.

Rachel A. Bruner (argued) and Kirsten Tuntland (on brief), Bismarck, ND, for respondent and appellee.

## Motisi v. Hebron Public School District
## No. 20210248

**McEvers, Justice.**

[¶1]   Joseph Motisi appeals from a district court order and judgment denying his petition for writ of mandamus. On appeal, Motisi argues the court erred in interpreting N.D.C.C. § 15.1-15-02(8) and in finding Motisi was a probationary teacher under the statute. We affirm.

I

[¶2]   Hebron Public School District employed Motisi as a teacher during the 2019-20 and 2020-21 school years. Prior to his employment with the District, Motisi worked as a teacher in another North Dakota school district for four years.

[¶3]   The District provided Motisi with a Probationary Teacher Notice of Contemplated Nonrenewal. Motisi acknowledged receipt of the notice on April 16, 2021. The notice informed Motisi that an executive session meeting would be held on April 22, 2021, pursuant to N.D.C.C. § 15.1-15-02. Motisi did not attend the meeting, and on April 23, 2021, the District sent Motisi a Probationary Teacher Notice of Nonrenewal, informing him the District would not be renewing his teaching contract. Motisi sent a letter to the District on April 26, 2021, notifying the District of his acceptance of a continuing contract for the 2021-22 school year.

[¶4]   The District then notified Motisi he was unable to accept an offer to renew a contract because his contract was nonrenewed. The District informed Motisi that it considered him a probationary teacher and that the District had not waived his probationary teacher status under N.D.C.C. § 15.1-15-02(6).

[¶5]   Motisi applied for a temporary restraining order and preliminary injunction. The district court granted the temporary restraining order, "temporarily restrain[ing] and enjoin[ing the District] from hiring any teacher or teachers to fill the teaching position" held by Motisi.

[¶6]   Motisi also filed a petition for writ of mandamus, asking the district court to require the District "to offer a full-time teaching contract to [Motisi], under the same terms and conditions as the 2020-21 contract." In July 2021, the court issued an order denying Motisi's petition for writ of mandamus and vacating the temporary restraining order. The court stated the sole issue was "whether Motisi is a probationary employee under N.D.C.C. § 15.1-15-02(8)" and that "Motisi concedes that if he was a probationary teacher, the District complied with the law." The court interpreted the meaning of "probationary teacher" under N.D.C.C. § 15.1-15-02, which defines that term as "an individual teaching for less than two years." Under the court's interpretation, that section "is not ambiguous when read as a whole." The court concluded "[t]here would be no need to waive probationary status for a teacher with at least two years of teaching experience in the State [under N.D.C.C. § 15.1-15-02(6)] if the definition of probationary teacher means any individual teaching for less than two years." The court concluded the plain language of the statute applies "to teachers who have taught in the school district for less than two years." The court alternatively concluded, if the statute was ambiguous, the "legislative history establishes that the Legislature intended for a probationary teacher to mean an individual teaching for less than the specified statutory timeframe *in that particular district*." (Emphasis in original.)

[¶7]   The district court rejected Motisi's argument that because he had four years of experience at another school, he could not be considered a probationary teacher under the statute. The court ultimately found "[t]he District followed the requirements of the statute when it non-renewed Motisi's contract" and "Motisi has not demonstrated that he has a clear legal right" to the renewed contract. The court entered judgment, and Motisi appealed.

II

[¶8]   Motisi argues the district court erred in denying his petition for writ of mandamus. Motisi contends the court misinterpreted "probationary teacher" as defined by N.D.C.C. § 15.1-15-02(8) and without that error the court should have found the District failed to comply with the nonrenewal procedures set forth in N.D.C.C. § 15.1-15-04.

3

[¶9]   Section 32-34-01, N.D.C.C., addresses when a district court may issue a writ of mandamus:

> The writ of mandamus may be issued by the supreme and district courts to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled and from which the party is precluded unlawfully by such inferior tribunal, corporation, board, or person.

*See also* N.D. Const. art. VI, § 8 ("The district court shall have authority to issue such writs as are necessary to the proper exercise of its jurisdiction.").

[¶10] A petitioner for a writ of mandamus must show there is "no plain, speedy, and adequate remedy in the ordinary cause of the law" and that they have "a clear legal right to the performance of the particular act sought to be compelled by the writ." *Bradley v. Beach Pub. Sch. Dist. No. 3*, 427 N.W.2d 352, 352 (N.D. 1988). This Court "will not overturn a trial court's denial of a writ of mandamus unless the trial court has abused its discretion." *Feldhusen v. Beach Pub. Sch. Dist. No. 3*, 423 N.W.2d 155, 157 (N.D. 1988). "A district court abuses its discretion if it acts in an arbitrary, unreasonable, or capricious manner, or if it misapplies or misinterprets the law." *Kenmare Educ. Ass'n v. Kenmare Pub. Sch. Dist. No. 28*, 2006 ND 136, ¶ 9, 717 N.W.2d 603.

[¶11] Motisi argues the district court erred in interpreting N.D.C.C. § 15.1-15-02(8). Section 15.1-15-02(8), N.D.C.C., defines a "probationary teacher" as "an individual teaching for less than two years." We have consistently stated:

> Our primary goal [in statutory interpretation] is to ascertain the intent of the legislature, and we first look to the plain language of the statute and give each word of the statute its ordinary meaning. When the wording of the statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. If, however, the statute is ambiguous or if adherence to the strict letter of the statute would lead to an absurd or ludicrous result, a court may resort to extrinsic aids, such as

4

legislative history, to interpret the statute. A statute is ambiguous if it [is] susceptible to meanings that are different, but rational. We presume the legislature did not intend an absurd or ludicrous result or unjust consequences, and we construe statutes in a practical manner, giving consideration to the context of the statutes and the purpose for which they were enacted.

*Wilkens v. Westby*, 2019 ND 186, ¶ 6, 931 N.W.2d 229. This Court gives words in a statute "their plain, ordinary, and commonly understood meaning, unless defined by statute or unless a contrary intention plainly appears." *Id.* Issues regarding interpretation and application of statutes are questions of law and are fully reviewable on appeal. *Id.*

[¶12] Motisi agrees the "first rule of statutory construction is to look at the clear language of the statute itself," but contends the district court erred when "it construed the term 'statute' to mean the entire statute and not a particular subsection." Motisi further argues "[i]t is totally permissible for a District Court to look at a subsection of the statute without looking at the entire statute or the chapter as a whole." Under Motisi's reading, this Court would look solely to subsection 8 and hold Motisi was not "an individual teaching for less than two years."

[¶13] Although the plain language of subsection 8, when read in isolation, does not appear to require that teaching experience come from a particular school district, "this [C]ourt considers the whole statute to determine the intent of the legislature, deriving that intent by comparing every section and subsection as a part of that whole, and by considering other statutes on the same subject matter." *Thompson v. North Dakota Dep't of Agric.*, 482 N.W.2d 861, 863 (N.D. 1992). Section 15.1-15-02(6), N.D.C.C., provides: "The board of a school district may waive probationary status for a teacher with at least two years of teaching experience in the state." Subsection 6 would not need to provide for waiver of probationary status for individuals with at least two years of teaching experience "in the state" if subsection 8 referred to individuals teaching for less than two years total. If that were the case, any individual teaching for more than two years in North Dakota could not be considered a probationary teacher, and subsection 6 would be rendered meaningless. "We

5

construe statutes in a way which does not render them meaningless because we presume the Legislature acts with purpose and does not perform idle acts." *Meier v. North Dakota Dep't of Human Servs.*, 2012 ND 134, ¶ 10, 818 N.W.2d 774. When reading the statute as a whole, the plain language of subsection 8 clearly refers to an individual teaching for less than two years in a particular school district.

[¶14] Considering the statute as a whole and giving meaning to each of its parts, we conclude the district court did not err in interpreting "probationary teacher" to mean an individual teaching for less than two years in a particular school district. We therefore hold the court did not err in finding the District properly complied with the nonrenewal procedure prescribed by N.D.C.C. § 15.1-15-02, and did not abuse its discretion in denying Motisi's petition for writ of mandamus. Because the statute is unambiguous, we need not address the court's alternative rationale resolving a purported ambiguity.

## III

[¶15] We have considered the parties' remaining arguments and conclude they are either without merit or unnecessary to our decision. We affirm the order and judgment.

[¶16] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte