# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 84

| | |
|---|---|
| Energy Transfer LP and Dakota Access LLC, | Plaintiffs and Appellants |
| v. | |
| North Dakota Private Investigative and Security Board and Tigerswan, LLC, | Defendants and Appellees |
| and | |
| First Look Institute Inc., | Intervenor and Appellee |

## No. 20220036

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Cynthia M. Feland, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Jennifer S. Recine (argued), New York, NY, Shawn A. Grinolds (appeared), Bismarck, ND, Randall J. Bakke (on brief), Bismarck, ND, and Thomas B. Kelly (on brief), New York, NY, for plaintiffs and appellants.

Courtney R. Titus, Bismarck, ND, for defendant and appellee North Dakota Private Investigative and Security Board.

Lynn M. Boughey, Mandan, ND, for defendant and appellee Tigerswan, LLC.

Timothy Q. Purdon (argued), Bismarck, ND, Victoria J. Noble (appeared), New York, NY, David Bralow (appeared), New York, NY, for intervenor and appellee.

Jack McDonald Jr., Bismarck, ND, for Reporters Committee for Freedom of the Press, the North Dakota Newspaper and Association, and Forum Communications Company, amicus curiae, submitted on brief .

# Energy Transfer v. ND Private Investigative and Security Bd.
## No. 20220036

**McEvers, Justice.**

[¶1] Energy Transfer LP and Dakota Access LLC (together "Energy Transfer") appeal from an order for partial summary judgment certified as final by the district court. The court held documents the North Dakota Private Investigative and Security Board received in response to discovery requests in an administrative proceeding against TigerSwan, LLC fall within the N.D.C.C. ch. 44-04 and 54-46 provisions dealing with government records. We conclude the court did not abuse its discretion in certifying the partial summary judgment as final under N.D.R.Civ.P. 54(b), and it did not err in granting partial summary judgment. We affirm.

I

[¶2] TigerSwan contracted with Energy Transfer to provide services related to the Dakota Access Pipeline. The Board commenced administrative proceedings against TigerSwan alleging it provided investigative and security services in North Dakota without a license. TigerSwan was compelled to disclose documents to the Board, some of which are the focus of this appeal. Energy Transfer filed a motion to intervene in the administrative proceedings claiming roughly 16,000 documents TigerSwan disclosed were confidential. Energy Transfer sought to intervene for the purpose of compelling the return of the documents and to obtain a protective order. Energy Transfer's motion was denied and is the subject of the appeal in *Energy Transfer LP v. North Dakota Private Investigative & Security Board* (Docket No. 20210244; Dist. Ct. Case No. 08-2020-cv-03049).

[¶3] Energy Transfer commenced this action after its unsuccessful attempt to intervene in the administrative proceeding. Energy Transfer alleged the Board produced "certain" documents in response to an open records request. Energy Transfer requested an injunction requiring the Board and TigerSwan to "keep confidential and not produce to any third party the documents that are the subject of this complaint" and requiring the Board and TigerSwan to

1

return the documents. Energy Transfer also brought claims for conversion and immediate delivery of the documents against the Board and a claim for breach of contract against TigerSwan. The district court granted a temporary restraining order requiring the documents be kept confidential.

[¶4] First Look Institute commenced a separate suit against the Board requesting a declaration that the Board violated various laws when it denied First Look's open record request concerning the disputed documents. *See First Look Media Works, Inc. v. N.D. Investigative Review and Sec. Bd.*, Case No. 08-2020-CV-3093. First Look sought an order requiring the Board to release all of the documents "not subject to independent exemptions determined on a document-by-document basis." The district court consolidated First Look's case with Energy Transfer's case.

[¶5] TigerSwan filed a "Motion to Enforce Agreement with Board, Return of All Materials to ETP, and Dismiss Case." TigerSwan's motion sought enforcement of a promise the Board's attorney allegedly made to keep the documents confidential. The Board, First Look, and Energy Transfer all filed cross motions for summary judgment. Energy Transfer responded to the motions, in part, with a declaration asserting additional discovery was necessary. The district court denied Energy Transfer's request and held the documents constitute records for purposes of the N.D.C.C. ch. 44-04 open records laws and the N.D.C.C. ch. 54-46 document retention laws "[a]bsent a specific exception." The court also denied TigerSwan's motion to dismiss concluding it was inadequately supported. The court dismissed Energy Transfer's claims for delivery, conversion, and injunction, withdrew the temporary restraining order, and certified the partial judgment as final pursuant to N.D.R.Civ.P. 54(b).

[¶6] Energy Transfer appealed and filed a motion in this Court to stay the district court's partial judgment pending this appeal. Energy Transfer's motion was temporarily granted and the stay remains in place pending appeal. First Look has filed a motion to strike documents not in the record.

2

## II

[¶7] Although the parties have not raised the district court's N.D.R.Civ.P. 54(b) certification as an issue, we must ensure we have jurisdiction when an interlocutory appeal is taken and that the requirements of Rule 54(b) have been met. *PLS Servs., LLC v. Valueplus Consulting, LLC*, 2021 ND 99, ¶ 7, 960 N.W.2d 780. "'Only judgments and decrees which constitute a final judgment of the rights of the parties to the action and orders enumerated by statute are appealable.'" *Eubanks v. Fisketjon*, 2021 ND 124, ¶ 4, 962 N.W.2d 427 (quoting *Brummund v. Brummund*, 2008 ND 224, ¶ 5, 758 N.W.2d 735). We lack jurisdiction if there is no statutory basis for an appeal. *Dellinger v. Wolf*, 2020 ND 112, ¶ 5, 943 N.W.2d 772. We apply the following analysis when determining whether an interlocutory order is appealable:

> First, the order appealed from must meet one of the statutory criteria of appealability set forth in NDCC § 28-27-02. If it does not, our inquiry need go no further and the appeal must be dismissed. If it does, then Rule 54(b), NDRCivP, must be complied with. If it is not, we are without jurisdiction.

*Id.* at ¶ 8 (quoting *Ziegler v. Meadowbrook Ins. Grp., Inc.*, 2009 ND 192, ¶ 11, 774 N.W.2d 782). The partial judgment in this case dismisses three of Energy Transfer's claims on the merits. Thus there is a statutory basis for the appeal under N.D.C.C. § 28-27-02. The first prong of our test is satisfied. We must now determine whether the district court complied with N.D.R.Civ.P. 54(b).

[¶8] "'A Rule 54(b) certification should not be routinely granted and is reserved for cases involving unusual circumstances where failure to allow an immediate appeal would create a demonstrated prejudice or hardship.'" *PLS Servs.*, 2021 ND 99, ¶ 9 (quoting *Citizens State Bank-Midwest v. Symington*, 2010 ND 56, ¶9, 780 N.W.2d 676). Rule 54(b), N.D.R.Civ.P., provides:

> If an action presents more than one claim for relief, whether as a claim, counterclaim, crossclaim, or third-party claim, or if multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that

3

adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

When determining whether Rule 54(b) certification is appropriate, the court should consider the following factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*City of West Fargo v. McAllister*, 2021 ND 136, ¶ 8, 962 N.W.2d 591 (quoting *Capps v. Weflen*, 2013 ND 16, ¶ 8, 826 N.W.2d 605). We review a decision to grant N.D.R.Civ.P. 54(b) certification for an abuse of discretion. *McAllister*, at ¶ 6. "A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when its decision is not the product of a rational mental process leading to a reasoned determination, or when it misinterprets or misapplies the law." *Id.*

> "We have recognized that a Rule 54(b) certification may be appropriate if the certified judgment completely decides an entire claim." *Symington*, 2010 ND 56, ¶ 10, 780 N.W.2d 676. "We have also held that a district court does not abuse its discretion in granting a Rule 54(b) certification if the issues raised in the appeal will not be mooted by future developments in the district court." *Id.* (citing *Public Service Comm'n v. Wimbledon Grain Co.*, 2003 ND 104, ¶ 12, 663 N.W.2d 186; *Hansen v. Scott*, 2002 ND 101, ¶ 15, 645 N.W.2d 223; *Symington v. Walle Mut. Ins. Co.*, 1997 ND 93, ¶ 8, 563 N.W.2d 400).

*PLS Servs.*, at ¶ 10.

4

[¶9]   There are three remaining claims among these two consolidated cases. The first is a breach of contract claim between Energy Transfer and TigerSwan in the lead case.  The remaining two claims are between First Look and the Board in the consolidated case.  The district court found the contract claim in the lead case presents a "completely separate issue" that will not moot the questions answered in its partial summary judgment order or require the issues be addressed again in a subsequent appeal.  The court also determined judicial economy favored finality certification because, as to the lead case, the court's order provides final resolution of the issues concerning the Board and First Look.

[¶10] The court did not analyze the Rule 54(b) factors as applied to the two claims still pending between First Look and the Board in the consolidated case, which are for declaratory relief and a writ of mandamus.  First Look specifically requested a declaration that the Board violated the law when it denied its open records request based on N.D.C.C. § 44-04-18.12, which exempts from disclosure certain records acquired by the office of the attorney general.  First Look's second claim requested a writ of mandamus ordering the Board to release the documents that are not subject to independent exemptions.  Although First Look moved for summary judgment on these claims, the district court denied First Look's motion as premature concluding issues as to those claims were beyond the scope of what the court identified as ripe for disposition in its scheduling order.

[¶11] We are satisfied the district court did not improvidently grant Rule 54(b) certification.  We agree with the district court's analysis as to the contract claim remaining in lead case.  As to the consolidated case, the judgment on appeal answers the threshold question of whether the documents are government records.  The court's affirmative holding on that question narrows the issues in the consolidated case to the exceptions for disclosure.  There is no risk of mootness or repetitive review because the question of whether a specific exception applies is independent from the issue of whether the documents constitute records at all.  Were final certification of this partial judgment not granted, a holding on appeal that the documents are not records would moot the litigation in the companion case.  The court's final certification favors

5

judicial economy, minimizes litigation expense, and facilitates orderly disposition of the claims. We conclude the district court did not abuse its discretion when it granted N.D.R.Civ.P. 54(b) certification.

## III

[¶12] Energy Transfer argues the district court erred when it granted summary judgment categorically determining the documents constitute records. Energy Transfer also asserts there are genuine issues of material fact precluding summary judgment, and the court should have allowed Energy Transfer to conduct additional discovery.

[¶13] Our standard for reviewing a summary judgment decision is well established:

> Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.

*Simmons v. Cudd Pressure Control, Inc.*, 2022 ND 20, ¶ 8, 969 N.W.2d 442 (quoting *RTS Shearing, LLC v. BNI Coal, Ltd.*, 2021 ND 170, ¶ 11, 965 N.W.2d 40).

A

[¶14] Energy Transfer challenges the district court's determination that the disputed documents constitute records. Energy Transfer asserts information must be relevant to public business and used by a public entity to be considered a government record. Energy Transfer argues the Board has not demonstrated it "used—i.e., reviewed or relied upon—the documents in connection with public business."

[¶15] Under N.D. Const. art. XI, § 6, the records of public entities must generally be open and accessible to the public:

> Unless otherwise provided by law, all records of public or governmental bodies . . . or organizations or agencies supported in whole or in part by public funds, or expending public funds, shall be public records, open and accessible for inspection during reasonable office hours.

Various statutory provisions carry out this mandate. *See* N.D.C.C. ch. 54-46 (providing for the management and retention of records); N.D.C.C. § 44-04-18 (providing for public access to records). For purposes of the Chapter 54-46 document retention laws, the term "record" is defined as material "made or received pursuant to law or in connection with the transaction of official business," not including various library and museum items. N.D.C.C. § 54-46-02(2). For purpose of the Chapter 44-04 open records laws, "record" is defined as:

> recorded information of any kind, regardless of the physical form or characteristic by which the information is stored, recorded, or reproduced, which is in the possession or custody of a public entity or its agent and which has been received or prepared for use in connection with public business or contains information relating to public business. "Record" does not include unrecorded thought processes or mental impressions, but does include preliminary drafts and working papers. "Record" also does not include records in the possession of a court of this state.

N.D.C.C. § 44-04-17.1(16).

[¶16] Energy Transfer claims that for material to constitute a government record "an agency must show the requisite connection to public business and/or that it reviewed, used, and relied upon the documents." Energy Transfer claims that merely receiving a document during an investigation does not satisfy the "for use" requirement in N.D.C.C. § 44-04-17.1(16).

[¶17] We apply the following principles when interpreting statutes:

> Our primary goal [in statutory interpretation] is to ascertain the intent of the legislature, and we first look to the plain language of the statute and give each word of the statute its ordinary meaning. When the wording of the statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. If, however, the statute is ambiguous or if adherence to the strict letter of the statute would lead to an absurd or ludicrous result, a court may resort to extrinsic aids, such as legislative history, to interpret the statute. A statute is ambiguous if it [is] susceptible to meanings that are different, but rational. We presume the legislature did not intend an absurd or ludicrous result or unjust consequences, and we construe statutes in a practical manner, giving consideration to the context of the statutes and the purpose for which they were enacted.

*Motisi v. Hebron Pub. Sch. Dist.*, 2021 ND 229, ¶ 11, 968 N.W.2d 191 (quoting *Wilkens v. Westby*, 2019 ND 186, ¶ 6, 931 N.W.2d 229).

[¶18] We are not convinced by Energy Transfer's reading of N.D.C.C § 44-04-17.1(16), which defines "record" as information prepared or received "for use" in connection with public business. It does not say prepared or received "and used" for public business. The Legislature could have included language requiring some degree of use or reliance by a public entity, but it did not. *See, e.g.,* Wash. Rev. Code § 42.56.010(3) (defining public record as a writing that is, among other characteristics, "used" by a governmental agency); N.M. Stat. Ann. § 14-2-6(G) (defining public record to include information "used" by a public body). We conclude the N.D.C.C. § 44-04-17.1(16) definition of record does not require a public entity to use information in a specific way for it to constitute a record.

8

[¶19] Energy Transfer cited public record cases from other jurisdictions that it claims support a different result. Energy Transfer also relies on federal cases applying the Freedom of Information Act. We find no persuasive guidance in those cases. FOIA does not provide a definition for the term "record." *See Project on Predatory Lending of the Legal Servs. Ctr. of the Harvard Law Sch. v. United States Dep't of Justice*, 325 F.Supp.3d 638, 648 (W.D. Pa. 2018). Rather, FOIA necessitates courts weigh various factors that have been articulated different ways to determine whether material falls within the FOIA disclosure requirements. *See id.* at 649 ("some courts adhere to a strict four-factor test requiring all factors to be met, others balance and weigh the four-factors, and others use a totality of the circumstances approach"); *see also Judicial Watch, Inc. v. Fed. Hous. Fin. Agency*, 646 F.3d 924, 926-27 (D.C. Cir. 2011) (describing a four-factor test); *Reich v. United States Dep't of Energy*, 784 F.Supp.2d 15, 21 (D. Mass. 2011) (same). Unlike courts deciding FOIA claims, we are bound by the definition of "record" under N.D.C.C. § 44-04-17.1(16).

[¶20] Energy Transfer argues a case where the term "public record" was defined in a manner similar to N.D.C.C. § 44-04-17.1(16) is persuasive. In *National Collegiate Athletic Association v. Associated Press*, a law defined "public record" as material "made or received pursuant to law or ordinance in connection with the transaction of official business." 18 So.3d 1201, 1207 (Fla. Dist. Ct. App. 2009). Lawyers for a public agency obtained information from the NCAA on a website by using a password the NCAA gave them. *Id.* at 1205. A Florida appellate court held the information constituted a public record noting the information was examined and used for an official state purpose. *Id.* at 1204. However, the Florida statute at issue did not contain the word "use" or "used". *Id.* at 1206-07. The issue was whether the information was *received* by a government agent, and the court held it was. *Id.* (the term "received" applies when "a public agent examines a document residing on a remote computer"). Any discussion concerning use of the record in question was dicta.

[¶21] Having determined Energy Transfer's interpretation of N.D.C.C. § 44-04-17.1(16) is not supported by the statute's text, we turn next to the district court's determination that the documents in this case are records subject to N.D.C.C. ch. 44-04 and 54-46. The dispositive issue is whether the Board received the documents in connection with "official" or "public" business.

[¶22] Under N.D.C.C. § 54-46-02, a record means information received in connection with the transaction of "official business." Chapter 54-46 does not define "official business." Under N.D.C.C. § 44-04-17.1(16), a record is information received for use in connection with "public business," which is defined as:

> all matters that relate or may foreseeably relate in any way to:
> a. The performance of the public entity's governmental functions, including any matter over which the public entity has supervision, control, jurisdiction, or advisory power; or
> b. The public entity's use of public funds.

N.D.C.C. § 44-04-17.1(12).

[¶23] There is no dispute the Board obtained the documents through discovery during administrative proceedings concerning TigerSwan's provision of private investigative and security services in North Dakota. Energy Transfer asserts the documents were not responsive to the Board's discovery request, are not relevant to the administrative proceedings, and therefore were not received for use in connection with official or public business. We disagree. The Board is an administrative agency tasked with enforcing the licensing and regulation of private investigative and security services in North Dakota. *See* N.D.C.C. § 43-30-04. Bringing an administrative action against TigerSwan for operating without the requisite licensure and investigating TigerSwan's dealings is squarely within the Board's purview. Gathering information is a step in the decision making process and is considered public business. *See* N.D. Op. Att'y Gen. No. O-02 at 2 (Feb. 6, 2012). The definition of "public business" includes "all matters" that relate to the Board's governmental functions. N.D.C.C. § 44-

04-17.1(12). Because it is undisputed the Board received the documents through discovery procedures in an administrative proceeding that the Board had authority to conduct, we conclude the documents are records as defined by N.D.C.C. §§ 44-04-17.1(16) and 54-46-02(2). Absent an exception, the documents must be maintained and kept open to the public pursuant to N.D.C.C. ch. 44-04 and 54-46. The district court did not decide whether any exceptions apply, and nor do we in this appeal.

C

[¶24] Energy Transfer asserts there are factual disputes that preclude the district court's award of partial summary judgment. Energy Transfer claims more discovery is necessary regarding the State's practices concerning protective orders and returning privileged documents. Energy Transfer asserts the district court should have granted additional time to conduct discovery under N.D.R.Civ.P. 56(f) on these issues.

[¶25] Protective orders may be issued in administrative proceedings pursuant to the North Dakota Rules of Civil Procedure. N.D.C.C. § 28-32-33(2). Rule 26(c)(1)(G), N.D.R.Civ.P., allows for orders to protect a party from compelled disclosure of trade secrets or other confidential information. Under N.D.R.Civ.P. 26(b)(5)(B), a party may compel the return of privileged information produced during discovery. Energy Transfer specifically seeks to conduct additional discovery regarding "[t]he State's practice and policy of regularly entering into protective orders, including after documents have been produce to it, and returning inadvertently produced privileged documents."

[¶26] Rule 56(f), N.D.R.Civ.P., allows a party opposing summary judgment to declare it cannot present facts essential to justify its opposition. A party requesting additional time for discovery under Rule 56(f) must "identify with specificity" the additional information it seeks and explain why that information would preclude summary judgment. *Alerus Fin., N.A. v. Marcil Grp., Inc.*, 2011 ND 205, ¶ 35, 806 N.W.2d 160. Energy Transfer has not explained how the State's general practices and policies concerning discovery and protective orders in other cases bears on the issue presented in this appeal—namely whether the documents in question are subject to N.D.C.C. ch

11

44-04 and 54-46. Energy Transfer's declaration also was not accompanied by a motion. *See Hayden v. Medcenter One, Inc.*, 2013 ND 46, ¶ 8, 828 N.W.2d 775 ("The proper method for a party to seek additional time for discovery is to make a motion under N.D.R.Civ.P. 56(f)"); *see also* N.D.R.Civ.P. 7(b)(1) ("A request for a court order must be made by motion"). Because Energy Transfer has not adequately explained how the information it seeks would preclude the district court's award of partial summary judgment, we hold the district court did not err when it did not grant additional time to conduct discovery.

IV

[¶27] TigerSwan filed a "Motion to Enforce Agreement with Board, Return of All Materials to ETP, and Dismiss Case." TigerSwan claims the Board's attorney entered into an enforceable agreement to keep the documents confidential. The district court denied TigerSwan's motion holding it was inadequately supported.

[¶28] TigerSwan argues on appeal that it "should receive the benefit of the promise of confidentiality made by the Board's counsel." We note TigerSwan has not addressed N.D.C.C. § 44-04-18.10(3), which expressly prohibits public entities from entering into agreements prohibiting the disclosure of the substance of an open record. Nonetheless, we lack jurisdiction to decide the issue. TigerSwan has not perfected an appeal of the court's denial of its motion. "When an appellee fails to properly file and perfect a cross-appeal on an issue 'we have no jurisdiction to consider [that] question.'" *Hovet v. Hebron Pub. Sch. Dist.*, 419 N.W.2d 189, 193 (N.D. 1988) (quoting *Kolling v. Goodyear Tire & Rubber Co.*, 272 N.W.2d 54, 59 (N.D. 1978)). *See also Ehlen v. Melvin*, 2012 ND 246, ¶ 19, 823 N.W.2d 780 ("a cross-appeal is necessary if the appellee seeks a more favorable result on appeal than it received in the district court").

V

[¶29] First Look filed a motion to strike extra-record evidence requesting we limit our review to the certified record. Energy Transfer submitted the extra-record evidence in support of its motion for a stay. The stay was temporarily granted and was not lifted during the pendency of the appeal. Energy Transfer

12

has not requested we rely on the extra-record evidence while determining the merits of this appeal, and even if it had, we would not. *See Discover Bank v. Bolinske*, 2020 ND 228, ¶ 6, 950 N.W.2d 417 ("It is well established that this Court may not consider items outside the record."); *see also State v. Horn*, 2014 ND 230, ¶ 15, 857 N.W.2d 77 ("This Court will not consider documents not in the certified record."). Because the temporary stay remained in effect during the pendency of this appeal and is now lifted, First Look's motion is moot.

## VI

[¶30] We have considered the remaining issues and arguments raised by the parties and conclude they are either without merit or unnecessary to our decision.

## VII

[¶31] We conclude the district court did not err when it granted N.D.R.Civ.P. 54(b) certification, and we hold the documents in this case are subject to N.D.C.C. ch. 44-04 and 54-46. The partial summary judgment is affirmed. The stay pending appeal is lifted.

[¶32] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte