Connie BRADLEY, Plaintiff
and Appellant,

v.

BEACH PUBLIC SCHOOL DISTRICT
NO. 3, a public corporation,
Defendant and Appellee.

Civ. No. 870353.

Supreme Court of North Dakota.

Aug. 16, 1988.

Chapman & Chapman, Bismarck, for plaintiff and appellant; Daniel J. Chapman (argued).

Pearce & Durick, Bismarck, for defendant and appellee; Gary R. Thune (argued).

GIERKE, Justice.

Connie Bradley appealed from a district court judgment denying her request for a writ of mandamus to reinstate her as a teacher with the defendant, Beach Public School District No. 3 (School District). We affirm.

The School District gave Bradley a teaching contract for the 1986–87 school year to be the learning disabilities teacher for grades 7–12. The contract contained the following condition:

"... It is hereby further understood that said teacher must fulfill required hours of credit to acquire credential requirement for North Dakota SLD [Specific Learning Disabilities] credential."

On March 3, 1987, Bradley was informed by the Department of Public Instruction that she was not eligible for the SLD credential. The School District, upon learning this fact, notified Bradley during March 1987 that it was contemplating nonrenewal of her teaching contract for the 1987–88 school year on the basis of teacher qualification. Following a hearing to consider the nonrenewal, the School District's board voted unanimously to nonrenew Bradley's contract.

Bradley then filed a petition in district court seeking a writ of mandamus to reinstate her as a teacher with the School District. The trial court, concluding that Bradley had been properly nonrenewed on the basis of lack of qualification, denied her petition.

█ The dispositive issue before us is whether the trial court erred in dismissing Bradley's petition for a writ of mandamus. To be entitled to a writ of mandamus, the petitioner must show that she has no plain, speedy, and adequate remedy in the ordinary cause of the law and that she has a clear legal right to the performance of the particular act sought to be compelled by the writ. *Fargo Ed. Ass'n v. Paulsen,* 239 N.W.2d 842 (N.D.1976). This court will not overturn a trial court's denial of a writ of mandamus unless the trial court has abused its discretion. *Feldhusen v. Beach Public School District No. 3,* 423 N.W.2d 155 (N.D.1988).

█ A teacher's contract can be nonrenewed for a lack of qualifications. *Feldhusen, supra.* The trial court correctly concluded that Bradley's failure to acquire the

required SLD credential was a proper ground for nonrenewal under subsection 5 of Section 15–47–38, N.D.C.C.

Bradley asserts, however, that "everyone" knew at the time she was given the 1986–87 contract that she did not have the necessary credits to obtain the required SLD credential and, therefore, the School District acted unfairly in nonrenewing her contract without first giving her a realistic opportunity of obtaining those credits and the credential before the start of the 1987–88 school year. The School District asserts that at the time Bradley was given the 1986–87 contract the School District was unaware that she did not possess sufficient credits to obtain the SLD credential from the Department of Public Instruction and, therefore, it acted properly in nonrenewing Bradley's contract for the 1987–88 school year when it learned that she was not qualified for the credential.

The following statement made by Bradley in her petition for a writ of mandamus belies her contention on appeal that the parties knew at the time she received her 1986–87 teaching contract that she did not possess the necessary credits to obtain the SLD credential:

> "... at the time the plaintiff assumed her position in the Defendant School District, she had understood and believed that she met the requirements for the North Dakota Learning Disabilities teaching credentials but that about midway through the teaching year, she learned that she needed additional credits."

Bradley has not cited any authority for, and we are unpersuaded by, her assertion that the School District acted unfairly in nonrenewing her contract without allowing her additional time to obtain the required SLD credential. We conclude, as did the trial court, that the School District acted in accordance with the statutory nonrenewal procedures. Accordingly, we further conclude that the trial court did not abuse its discretion in denying Bradley's petition for a writ of mandamus.

Judgment Affirmed.

ERICKSTAD, C.J., and VANDE WALLE and MESCHKE, JJ., concur.

LEVINE, J. concurs in the result.