Filed 1/22/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 22

Parke William Little, Petitioner and Appellant

v.

Stark County Sheriff on behalf of the

Stark County Sheriff’s Office, Respondent and Appellee

No. 20170222

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable Stacy J. Louser, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Thomas F. Murtha IV, Dickinson, ND, for petitioner and appellant.

Benjamin J. Sand (argued) and Michael C. Waller  (appeared), Bismarck, ND, for respondent and appellee.

Little v. Stark County Sheriff

No. 20170222

VandeWalle, Chief Justice.

[¶1] Parke William Little appealed from a district court order denying his September 23, 2016, petition for a writ of mandamus. The petition requested an order compelling the Stark County Sheriff’s Office to mail him notice that his request for employment as a deputy sheriff in 2008 had been refused. We affirm.

I 

[¶2] Little is a disabled veteran who formerly served in the Marine Corps and the Army. Little worked for Stark County as a special deputy from approximately 2008-

2016. 

[¶3] In July 2008, while employed as a special deputy, Little applied for a “deputy sheriff” position with Stark County. Little indicated his veteran’s preference status in the application. Little was interviewed in November 2008. After the interview, Little became aware the deputy sheriff position was given to a non-veteran. Little continued to work in his capacity as a special deputy for Stark County until 2016.

[¶4] In March 2015, Little, through counsel, sent a letter to the Stark County Sheriff’s Department requesting written notification why he was refused the 2008 deputy sheriff position. The Department responded, referring Little’s attorney to direct the matter to the state’s attorney’s office. Little, through counsel, submitted a letter to the Stark County States Attorney and the Stark County Sheriff on March 4, 2016, and received no response.

[¶5] On September 23, 2016, Little filed a petition for writ of mandamus requesting the Stark County Sheriff’s Department be required to comply with N.D.C.C. § 37-

19.1-04(1). Little sought to compel the Department to send him written notice that his employment as a Stark County deputy sheriff had been refused. On April 10, 2017, a hearing was held. The district court denied the petition and dismissed with prejudice, stating, among other reasons:

[T]he Court notes that as Little acknowledged at the April 10th 2017 hearing, he waited nearly eight years after being employed as a Stark County Special Reserve Deputy to file the pending action. This Court will not now exercise the extraordinary remedy of granting a mandamus where the actions of Little himself fail to support such relief.

II 

[¶6] Little argues he is entitled to the notice referenced in N.D.C.C. § 37-19.1-04(1), which provides, in part:

If a veteran, or a qualified veteran’s spouse, hereafter known as the applicant, is not given the preference provided in section 37-19.1-02 or 37-19.1-03, the applicant, within fifteen calendar days after receipt of notification by certified mail or through the online recruiting solution system that employment has been refused, may request a hearing as provided in subsection 3. The notification from the employer must include the reasons for nonselection, inform the applicant of the right to an appeal hearing, inform the applicant of the requirement that the request for a hearing must be filed by certified mail within fifteen calendar days after the notification, inform the applicant that a request for an appeal hearing must be made to the commissioner of veterans’ affairs at the included commissioner’s mailing address, and inform the applicant that if the applicant requests an appeal, the applicant must mail a copy of the request for an appeal hearing to the employer or employing agency.

[¶7] Little argues the district court abused its discretion in denying his petition for writ of mandamus. Section 32-34-01, N.D.C.C., governs the issuance of writs of mandamus:

The writ of mandamus may be issued by the supreme and district courts to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled and from which the party is precluded unlawfully by such inferior tribunal, corporation, board, or person.

[¶8] “Whether to issue a writ of mandamus is left to the district court’s sound discretion.” 
Dickinson Ed. Ass’n v. Dickinson Public School District
, 2014 ND 157, ¶ 9, 849 N.W.2d 615. “A district court abuses its discretion if it acts in an arbitrary, unreasonable, or capricious manner, or if it misapplies or misinterprets the law.” 
Id.
 

[¶9] “A party seeking a writ of mandamus bears the burden of demonstrating a clear legal right to the performance of the particular acts sought to be compelled by the writ.” 
Nagel v. City of Bismarck
, 2004 ND 9, ¶ 11, 673 N.W.2d 267. Additionally, “a party seeking a writ of mandamus must have no other plain, speedy, and adequate remedy in the ordinary course of the law.” 
Id.
 “Absent an abuse of discretion, this Court will not overturn a trial court’s denial of a petition for a writ of mandamus.”
 Id. 
at ¶ 10. 

[¶10] We previously determined “mandamus will not be granted to compel the performance of an act, even though required by law, when no beneficial result will be attained.” 
Fargo Ed. Ass’n v. Paulsen
, 239 N.W.2d 842, 849 (N.D. 1976) (
citing State ex rel. Johnson v. Ely
, 23 N.D. 619, 624-25, 137 N.W. 834, 837 (1912)). Significantly, even in cases where the applicant shows a clear legal right for which mandamus would be an appropriate remedy, and even though without mandamus the applicant for the writ would be without remedy, the district court may deny the writ where there has been laches in seeking the remedy. 
Dawes v. City of Grand Forks
, 62 N.D. 67, 73, 243 N.W. 802, 804-05 (1931).

[¶11] Little contends he has a clear legal right to the notice provided in N.D.C.C. § 37-19.1-04(1) because he applied for the position of deputy sheriff, asserted his veteran status, and was refused employment. Little further contends he demonstrated there is no other plain, speedy, and adequate remedy until he is given the statutory notice because without the notice, he is not entitled to request a hearing on the matter. 

[¶12] However, Little was aware someone else was given the deputy sheriff position, continued to work for Stark County, and waited nearly eight years after the interview to inquire why he was refused employment. Little provides no reasonable excuse for the delay. It was not an abuse of discretion for the district court to consider the excessive delay in denying Little’s petition. 

III 

[¶13] We affirm the district court’s order denying Little’s petition for a writ of mandamus.

[¶14] Gerald W. VandeWalle, C.J.

Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

Jon J. Jensen