Crothers, Justice.
 

 [¶1] Roland Riemers petitioned this Court to exercise its original jurisdiction and issue a writ of mandamus directing Secretary of State Alvin Jaeger to order a recount of the June 12, 2018 primary election for the office of secretary of state. Riemers argues he was entitled to an automatic recount under N.D.C.C. § 16.1-16-01(1)(a) because he "failed to be nominated in a primary election by one percent or less of the highest vote cast for a candidate for the office sought." We exercise our original jurisdiction to consider Riemers' petition, and we grant his request for a writ of mandamus.
 

 I
 

 [¶2] Riemers was the sole Libertarian party candidate for secretary of state in the June 12, 2018 primary election. After the election, the North Dakota canvassing board certified that he received 247 votes for the office. Under N.D.C.C. §§ 16.1-11-06(1)(b)(3)(a) and 16.1-11-36, Riemers needed a minimum of 300 votes to be nominated as the Libertarian candidate for the office and to advance to the November general election. In the primary election, Republican candidate Will Gardner received the highest number of votes for the office of secretary of state at 54,563.
 

 [¶3] In a June 13, 2018 letter to the Secretary of State, Riemers demanded an automatic recount under N.D.C.C. § 16.1-16-01, asserting he failed to be nominated in the primary election by one percent or less of the highest vote cast for a candidate for the office sought. The Secretary of State's office informed Riemers that the position for which his name appeared on the primary ballot was not eligible for a recount:
 

 "It does not qualify according to N.D.C.C. § 16.1-16-01 nor under the recount guidelines published by this office.
 

 "You were the only candidate for Secretary of State in the Libertarian Party column and received the highest number of votes as well as the only qualifying votes for the contest for your party. The formula to determine whether an automatic recount occurs, or a demand recount may be called is calculated based on the votes cast for at least two or more candidates. Since you were the only candidate for the Libertarian Party Secretary of State contest, it is not possible to have a recount since the respective columns for the political parties on the ballot are to determine the nominees within that party. It is not determined across political party columns as you stated in your letter."
 

 [¶4] After Riemers was denied a recount by the Secretary of State, he petitioned this Court under N.D.C.C. § 32-34-01 for a writ of mandamus directing the Secretary of State to follow N.D.C.C. § 16.1-16-01 and order a recount of the votes in the primary election for secretary of state.
 

 II
 

 [¶5] Article VI, § 2, of the North Dakota Constitution authorizes this Court to exercise original jurisdiction and to issue original and remedial writs necessary to properly exercise its jurisdiction.
 
 See also
 
 N.D.C.C. § 27-02-04. This Court's power to issue original writs is discretionary and may not be invoked as a matter of right.
 
 RECALLND v. Jaeger
 
 ,
 
 2010 ND 250
 
 , ¶ 7,
 
 792 N.W.2d 511
 
 ;
 

 Bolinske v. Jaeger
 
 ,
 
 2008 ND 180
 
 , ¶ 4,
 
 756 N.W.2d 336
 
 ;
 
 Kelsh v. Jaeger
 
 ,
 
 2002 ND 53
 
 , ¶ 2,
 
 641 N.W.2d 100
 
 ;
 
 State ex rel. Kusler v. Sinner
 
 ,
 
 491 N.W.2d 382
 
 , 384 (N.D. 1992). It is well settled that the power to exercise our original jurisdiction extends only to those cases where the questions presented are
 
 publici juris
 
 and affect the sovereignty of the state, the franchises or prerogatives of the state, or the liberties of its people.
 
 RECALLND
 
 , at ¶ 7 ;
 
 Kelsh
 
 , at ¶ 2 ;
 
 Sinner
 
 , at 384. The interest of the state must be primary, not incidental, and the public must have an interest or right that is affected.
 
 RECALLND
 
 , at ¶ 7 ;
 
 Kelsh
 
 , at ¶ 2 ;
 
 Sinner
 
 , at 384.
 

 [¶6] The issue in this case implicates the right of a candidate for state office in a primary election to advance to the general election and involves the people's power to govern themselves through the voting process. Our cases have continuously recognized the public interest involved with the power of the people to govern themselves in the voting process.
 
 RECALLND
 
 ,
 
 2010 ND 250
 
 , ¶ 7,
 
 792 N.W.2d 511
 
 ;
 
 Kelsh
 
 ,
 
 2002 ND 53
 
 , ¶ 2,
 
 641 N.W.2d 100
 
 ;
 
 Sinner
 
 ,
 
 491 N.W.2d at 384
 
 . The issue here involving an automatic recount in a primary election for a state office is a matter of public interest warranting the exercise of our original jurisdiction to consider Riemers' petition for a writ of mandamus.
 

 III
 

 [¶7] Under N.D.C.C. § 32-34-01, this Court may issue a writ of mandamus to compel performance of an act which the law specifically enjoins as a duty resulting from an office. A petitioner for a writ of mandamus must show a clear legal right to performance of the act sought to be compelled and must establish no plain, speedy, and adequate remedy exists in the ordinary course of law. N.D.C.C. § 32-34-02 ;
 
 Bolinske
 
 ,
 
 2008 ND 180
 
 , ¶ 4,
 
 756 N.W.2d 336
 
 . The fact a court must construe a statute does not preclude the remedy of mandamus, and statutes defining duties of a public official often lend themselves to different interpretations and require judicial construction.
 
 Adams Cnty. Record v. Greater N.D. Ass'n
 
 ,
 
 529 N.W.2d 830
 
 , 836 (N.D. 1995) ;
 
 Fargo Ed. Ass'n v. Paulsen
 
 ,
 
 239 N.W.2d 842
 
 , 845-46 (N.D. 1976).
 

 [¶8] Riemers argues the plain language of N.D.C.C. § 16.1-16-01 requires an automatic recount because he failed to be nominated in the primary election for the office of secretary of state by 53 votes, which is one percent or less of the highest vote cast for that office for Republican candidate Will Gardner.
 

 [¶9] The Secretary of State responds the statutory scheme for a primary election uses a consolidated ballot under N.D.C.C. § 16.1-11-22, with separate columns or sections for each political party. The Secretary of State claims those ballot requirements evidence an intent to compare candidates in their own political party for purposes of the primary election nomination. The Secretary of State thus argues Riemers is not entitled to an automatic recount because he was the sole Libertarian candidate for nomination for secretary of state and was not involved in a close contest with a candidate in his party. The Secretary of State contends Riemers is not entitled to an automatic recount by comparing his total votes to the candidate of another party that received the highest number of votes cast, and Riemers is not entitled to an automatic recount even if the total candidate votes are compared across political parties.
 

 [¶10] The issue here involves the interpretation of N.D.C.C. § 16.1-16-01(1)(a), which outlines the criteria for an automatic recount in a primary election and provides:
 

 "A recount of any primary ... election for nomination or election to a ... state ... office ... must be conducted according to guidelines established by the secretary of state and as follows:
 

 1. A recount must be conducted when:
 

 a. Any individual failed to be nominated in a primary election by one percent or less of the highest vote cast for a candidate for the office sought."
 

 [¶11] Our standards for interpreting a statute are well established:
 

 "Our primary goal in statutory construction is to ascertain the intent of the legislature, and we first look to the plain language of the statute and give each word of the statute its ordinary meaning. When the wording of the statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. If, however, the statute is ambiguous or if adherence to the strict letter of the statute would lead to an absurd or ludicrous result, a court may resort to extrinsic aids, such as legislative history, to interpret the statute. A statute is ambiguous if it [is] susceptible to meanings that are different, but rational. We presume the legislature did not intend an absurd or ludicrous result or unjust consequences, and we construe statutes in a practical manner, giving consideration to the context of the statutes and the purpose for which they were enacted."
 

 State v. Meador
 
 ,
 
 2010 ND 139
 
 , ¶ 11,
 
 785 N.W.2d 886
 
 (quoting
 
 State v. Brown
 
 ,
 
 2009 ND 150
 
 , ¶ 15,
 
 771 N.W.2d 267
 
 ). The interpretation of a statute is a question of law.
 
 Meador
 
 , at ¶ 11.
 

 [¶12] The plain language of N.D.C.C. § 16.1-16-01(1)(a) requires an automatic recount when "[a]ny individual failed to be nominated in a primary election by one percent or less of the highest vote cast for a candidate for the office sought." Although the statutory language for the consolidated primary election ballot for candidates for a political party uses separate sections for each political party, nothing in the plain language of N.D.C.C. § 16.1-16-01(1)(a) limits automatic recounts to a candidate's party, especially for candidates seeking to satisfy the minimum threshold of 300 votes to be nominated for the general election. Rather, the plain language of N.D.C.C. § 16.1-16-01(1)(a) refers only to "a candidate for the office sought" and not to a candidate of the party for the office sought.
 

 [¶13] Although the current version of N.D.C.C. § 16.1-16-01(1)(a) does not refer to a candidate of the individual's party for the office sought, a prior version of that statute provided for an automatic recount for any person failing to be nominated in a primary election "by one percent or less of the highest vote cast for a candidate
 
 of his party
 
 for the office sought."
 
 See
 
 1991 N.D. Sess. Laws ch. 219, § 2 ( N.D.C.C. § 16.1-16-01(1)(a) amended to delete language referring to "of his party") (emphasis added).
 

 [¶14] The prior language of N.D.C.C. § 16.1-16-01(1)(a) supports the Secretary of State's current argument about the percent of votes necessary in the individual's party for nomination. However, the 1991 amendment deleted the phrase "of his party." Although the Secretary of State argues the 1991 amendment was only intended to authorize recounts for nonparty elections in certain circumstances and the plain language of N.D.C.C. § 16.1-16-01 does not express the true legislative intent, we presume the legislature meant what it said and said what it meant when it deleted language referring to a party.
 
 Estate of Christeson v. Gilstad
 
 ,
 
 2013 ND 50
 
 , ¶ 14,
 
 829 N.W.2d 453
 
 . We also presume the legislative amendment was
 not an idle act and was intended to change the law.
 
 See
 

 Meier v. N.D. Dep't of Human Servs.
 
 ,
 
 2012 ND 134
 
 , ¶ 10,
 
 818 N.W.2d 774
 
 ;
 
 Scott v. N.D. Workers Comp. Bureau
 
 ,
 
 1998 ND 221
 
 , ¶ 15,
 
 587 N.W.2d 153
 
 . We do not have authority to rewrite unambiguous statutes to correct alleged legislative "oversights," and we are not free to "amend" or "clarify" the plain language of a statute under the guise of statutory interpretation.
 
 Gilstad
 
 , at ¶ 14. If changes to a plain and unambiguous statute are necessary to effectuate a claimed intent, those actions must be accomplished by the legislature.
 
 Doyle v. Sprynczynatyk
 
 ,
 
 2001 ND 8
 
 , ¶ 14,
 
 621 N.W.2d 353
 
 .
 

 [¶15] The plain language of N.D.C.C. § 16.1-16-01(1)(a) requires a comparison of the highest votes cast for a candidate for the office sought without regard to the candidate's party. The fact that we are required to construe N.D.C.C. § 16.1-16-01(1)(a) does not preclude the remedy of mandamus.
 
 See
 

 Adams
 
 ,
 
 529 N.W.2d at
 
 836 ;
 
 Paulsen
 
 ,
 
 239 N.W.2d at 845-46
 
 . Moreover, given the time constraints on ballot preparation for the general election, no plain, speedy, and adequate remedy at law is available for Riemers.
 

 [¶16] Under the plain language of N.D.C.C. § 16.1-16-01(1)(a), Riemers is entitled to an automatic recount, and the Secretary of State is statutorily required to order that automatic recount.
 

 IV
 

 [¶17] We issue a writ of mandamus requiring the Secretary of State to conduct an automatic recount to determine whether Riemers was nominated in the primary election to advance to the general election as a candidate for the office of secretary of state.
 

 [¶18] Daniel J. Crothers
 

 Jon J. Jensen
 

 Jerod E. Tufte
 

 Lisa Fair McEvers
 

 Gerald W. VandeWalle, C.J.
 

 McEvers, Justice, concurring specially.
 

 [¶19] I reluctantly concur. I highly doubt the legislative assembly intended for the Secretary of State to conduct a mandatory recount for a candidate seeking the nomination of a party when the candidate did not receive the minimum number of 300 votes necessary to be placed on the ballot. Even Mr. Riemers expressed surprise at oral argument. However, as has already been pointed out by the Majority, "Courts are not free to disregard the letter of a statute under the pretext of pursuing its spirit."
 
 Doyle v. Sprynczynatyk
 
 ,
 
 2001 ND 8
 
 , ¶ 14,
 
 621 N.W.2d 353
 
 (citations omitted).
 

 [¶20] Despite this surprising outcome, I agree that as written, the plain meaning of N.D.C.C. § 16.1-16-01(1) requires the recount.
 

 [¶21] Lisa Fair McEvers