# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 118

Christine Larson,                                                                    Appellant

v.

North Dakota Workforce Safety and Insurance,                      Appellee

## No. 20210333

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Lawrence E. King (argued) and Nathan J. Svihovec (appeared), Bismarck, ND, for appellant.

Jacqueline S. Anderson, Special Assistant Attorney General, Fargo, ND, for appellee.

**VandeWalle, Justice.**

[¶1]   Christine Larson, doing business as Active Nutrition, appealed from a judgment entered after the district court ordered Larson's appeal be dismissed and denied her request for a writ of mandamus. We conclude Larson did not appeal from an appealable order and the district court did not abuse its discretion by denying her request for a writ of mandamus. We affirm.

I

[¶2]   In a notice of decision dated January 27, 2021, Workforce Safety & Insurance ("WSI") informed Larson that it had determined Active Nutrition is an employer subject to N.D.C.C. tit. 65, the Workforce Safety and Insurance Act, and that Active Nutrition was required to submit all earned wages for all employees for the previous four years and pay premiums, assessments, penalties, and interest accrued. The notice of decision also advised Larson that she could appeal the decision by "[s]ubmit[ting] a written request to WSI within 30 days to have the decision reconsidered[.]"

[¶3]   On February 25, 2021, Larson mailed a written request for reconsideration to WSI. WSI received the request on March 1, 2021. On March 10, 2021, WSI sent Larson notice it received her request for reconsideration but the request was not timely. The notice also informed Larson that WSI's decision dated January 27, 2021 was final.

[¶4]   On May 27, 2021, Larson sent WSI a second request for reconsideration. Larson argued her first request for reconsideration was timely because WSI's notice of decision was served by regular mail and therefore three additional days should be added to the time computation under N.D.R.Civ.P. 6(e). On June 8, 2021, WSI informed Larson it had received her second request, the request was not timely, and the decision was final.

[¶5]   Larson filed a notice of appeal and specification of errors in the district court, appealing from "WSI's June 8, 2021 determination." Larson argued her

request for reconsideration was timely. She alternatively requested a writ of mandamus determining her request for reconsideration was timely and directing WSI to proceed as prescribed under N.D.C.C. ch. 65-04 and review the merits of her request for reconsideration.

[¶6] WSI moved for dismissal, arguing the district court did not have jurisdiction to hear the appeal because Larson did not appeal from an appealable order. WSI asserted Larson did not comply with statutory procedures for requesting reconsideration of WSI's notice of decision, the decision was final, and the decision may not be appealed. WSI also requested the court deny Larson's request for a writ of mandamus. Larson opposed WSI's motion.

[¶7] After a hearing, the district court granted WSI's motion to dismiss the appeal and denied Larson's request for a writ of mandamus. The court concluded it did not have jurisdiction to hear the appeal. The court also concluded there was no basis in fact or law to support Larson's request for a writ of mandamus and Larson has no legal right to a writ of mandamus.

II

[¶8] On appeal, Larson does not clearly argue that the district court erred in dismissing her appeal or that she appealed from an appealable order. Larson instead argues her request for reconsideration of WSI's decision was timely filed and WSI should issue a final agency order on the merits. WSI contends the district court properly dismissed the appeal because Larson did not appeal from an appealable order and the court lacked jurisdiction.

[¶9] The district court dismissed Larson's appeal, concluding it did not have jurisdiction. The court determined Larson was attempting to appeal from an unappealable informal notice of decision and Larson did not comply with N.D.C.C. § 28-32-42. The court explained WSI took action on the request for reconsideration, it advised Larson her request was not timely, WSI's January 27, 2021 decision was final under N.D.C.C. § 65-04-32(2), and the appeal to the district court was untimely.

[¶10] "Appeals to the district court from decisions in administrative proceedings are statutory in nature and are not matters of original jurisdiction, but involve the exercise of appellate jurisdiction conferred by statute." *Inwards v. N.D. Workforce Safety & Ins.*, 2014 ND 163, ¶ 9, 851 N.W.2d 693; *see also Ellis v. N.D. Workforce Safety and Ins.*, 2020 ND 14, ¶ 7, 937 N.W.2d 513 (holding appeals from an administrative agency to a district court are governed by statute). The appellant must satisfy the statutory requirements for an appeal for the court to have subject matter jurisdiction. *Inwards*, at ¶ 9. The issue of subject matter jurisdiction is a question of law when jurisdictional facts are not in dispute, and the issue is reviewed de novo on appeal. *Ellis*, at ¶ 7.

[¶11] Section 65-04-32, N.D.C.C.[1], provides procedural rules for an employer to dispute a decision by WSI regarding the fund and premium payments thereto issued under N.D.C.C. ch. 65-04, stating:

> 1. The organization may issue a notice of decision based on an informal internal review of the record and shall serve notice of the decision on the parties by regular mail. The organization shall include with the decision a notice of the employer's right to reconsideration.
>
> 2. An employer has thirty days from the day the notice of decision was mailed to file a written petition for reconsideration. . . . The organization shall reconsider the matter by informal internal review of the information of record. Absent a timely and sufficient request for reconsideration, the notice of decision is final and may not be reheard or appealed.
>
> 3. After receiving a petition for reconsideration . . . the organization shall serve on the parties by regular mail an administrative order including its findings of fact, conclusions of law, and order, in response to the petition for reconsideration. . . . If the organization does not issue an order within sixty days of receiving a request for

---

[1] Section 65-04-32, N.D.C.C., was amended effective August 1, 2021, changing the 30-day time requirements to 45 days. 2021 N.D. Sess. Laws ch. 502, § 2. The notice of decision in this case was issued prior to the amendment and the prior version of the statute applies.

reconsideration, a party may request, and the organization shall promptly issue, an appealable determination.

4. A party has thirty days from the date of service of an administrative order to file a written request for rehearing. . . . Absent a timely and sufficient request for rehearing, the administrative order is final and may not be reheard or appealed.

. . .

6. An employer may appeal a posthearing administrative order to district court in accordance with chapter 65-10. Chapter 65-10 does not preclude the organization from appealing to district court a final order issued by a hearing officer under this title.

An employer's appeal of a decision issued by WSI under chapter 65-04 is governed by N.D.C.C. chs. 65-10 and 28-32. N.D.C.C. § 65-04-32(6); N.D.C.C. § 65-10-01. Section 28-32-42, N.D.C.C., governs appeals from an agency decision and states, "Any party to any proceeding heard by an administrative agency, except when the order of the administrative agency is declared final by any other statute, may appeal from the order within thirty days after notice of the order has been given as required by section 28-32-39."

[¶12] Section 28-32-42(1), N.D.C.C., authorizes appeals from a final agency order, except when the order of the administrative agency is declared final by any other statute. Section 65-04-32, N.D.C.C., provides the procedure for an employer to dispute WSI's decision. Section 65-04-32(2), N.D.C.C., states the notice of decision based on an informal internal review becomes final and may not be reheard or appealed if there is not a timely and sufficient request for reconsideration. Therefore, the notice of decision is final and the employer may not appeal if the employer did not timely request reconsideration.

[¶13] Here, Larson petitioned for reconsideration of the notice of decision based on an informal internal review. WSI informed Larson her petition for reconsideration was untimely and the notice of decision was final. Larson filed a second petition for reconsideration. In a letter dated June 8, 2021, WSI denied Larson's second request, explaining it was untimely and the decision

4

was final. Larson appealed to the district court from WSI's "June 8, 2021 determination."

[¶14] Under N.D.C.C. § 65-04-32(2), WSI's January 27, 2021 decision was final and cannot be appealed. The June 8, 2021 determination was not an appealable order under N.D.C.C. §§ 28-32-42 and 65-04-32. We conclude the district court did not err in determining it did not have jurisdiction and dismissing Larson's appeal.

### III

[¶15] Larson alternatively argues, if she did not appeal from an appealable order, a writ of mandamus should be issued directing WSI to find her request for reconsideration was timely and to issue a final agency order. She contends her request for reconsideration was timely because she was allowed three additional days to mail her request when N.D.C.C. § 65-04-32(2) and N.D.R.Civ.P. 6(e)(1) are read together.

[¶16] This Court and the district court have the authority to grant writs of mandamus under N.D.C.C. § 32-34-01, which states:

> The writ of mandamus may be issued by the supreme and district courts to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled and from which the party is precluded unlawfully by such inferior tribunal, corporation, board, or person.

[¶17] "A petitioner for a writ of mandamus must show there is 'no plain, speedy, and adequate remedy in the ordinary cause of the law' and that they have 'a clear legal right to the performance of the particular act sought to be compelled by the writ.'" *Motisi v. Hebron Pub. Sch. Dist.*, 2021 ND 229, ¶ 10, 968 N.W.2d 191 (quoting *Bradley v. Beach Pub. Sch. Dist. No. 3*, 427 N.W.2d 352, 352 (N.D. 1988)). The district court's decision on a writ of mandamus will not be reversed on appeal unless the court abused its discretion. *Motisi*, at ¶

10. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or it misinterprets or misapplies the law. *Id.*

[¶18] The district court denied Larson's request for a writ of mandamus. The court concluded there was no basis in law or fact supporting the request. The court explained Larson's request for reconsideration was not timely, WSI correctly applied the language of N.D.C.C. § 65-04-32(2), WSI's decision on the untimeliness of the request for reconsideration is final, and Larson has no legal right to a writ of mandamus.

[¶19] Larson cannot appeal from WSI's decision because its decision is final and may not be appealed. Because Larson cannot appeal, a writ of mandamus is the only relief available from the alleged error.

[¶20] Larson argues WSI erred in determining she did not timely request reconsideration of the notice of decision. The notice of decision was issued on January 27, 2021. Under N.D.C.C. § 65-04-32(2), Larson was required to "file" a petition for reconsideration within 30 days from the day the notice of decision was mailed. Larson mailed her request for reconsideration on February 25, 2021, which was within 30 days. However, WSI did not receive the petition until March 1, 2021, which was 33 days after the date of the notice of decision.

[¶21] In construing a statute, words are given their plain, ordinary, and commonly understood meaning, unless they are specifically defined or unless contrary intention plainly appears. N.D.C.C. § 1-02-02. When the language of the statute is clear and unambiguous, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit. N.D.C.C. § 1-02-05. "[W]e construe statutes in a way which does not render them meaningless because we presume the Legislature acts with purpose and does not perform idle acts." *Christiansen v. Panos*, 2022 ND 27, ¶ 9, 969 N.W.2d 709 (quoting *Dubois v. State*, 2021 ND 153, ¶ 22, 963 N.W.2d 543).

[¶22] Section 65-04-32(2), N.D.C.C., states an employer has 30 days from the day the notice of decision was mailed to "file" a petition for reconsideration. Title 65, N.D.C.C., does not specifically define the word "file." *See* N.D.C.C. § 65-01-02. "File" generally means "[t]o deliver a legal document to the court

clerk or record custodian for placement into the official record." *Black's Law Dictionary* 772 (11th ed. 2019); *see also Hudye Grp. LP v. Ward Cty. Bd. of Comm'rs*, 2022 ND 83, ¶ 11 (holding the word "filed" as used in the statute has consistently meant to place in the custody of the officer charged with keeping the record); *Ex parte State ex rel. Breitling*, 128 So. 788, 788-89 (Ala. 1930) (holding the word "file" in the statute requires delivery to the required official); *Lambert v. Home Fed. Sav. & Loan Ass'n*, 481 S.W.2d 770, 773 (Tenn. 1972) (holding to "file" with the clerk means actual delivery to the clerk); *Mears v. Mears*, 143 S.E.2d 889, 890 (Va. 1965) (holding the requirement to "file" means to "deliver" the paper). We conclude the word "file," as used in N.D.C.C. § 65-04-32(2), means to deliver the request for reconsideration to the recipient.

[¶23] Under the plain language of the statute, Larson had 30 days to file her request for reconsideration. Although the notice of decision sent to Larson stated she had 30 days to "submit" a request for reconsideration, N.D.C.C. § 65-04-32(2) required her to "file" the request within 30 days, which required delivery to WSI within 30 days. We caution WSI to be more careful in giving notice that a request for reconsideration must be filed within 30 days. Larson was required to comply with the statutory requirements to request reconsideration. WSI did not receive Larson's request for reconsideration within 30 days from the date of the notice of decision.

[¶24] Larson contends her request was not untimely because WSI mailed the notice of decision to her and therefore she had three additional days to file her request for reconsideration under N.D.R.Civ.P. 6(e). Rule 6(e)(1) states, "Whenever a party must or may act within a prescribed period after service and service is made by mail or third-party commercial carrier under Rule 5, three days are added after the prescribed period would otherwise expire under N.D.R.Civ.P. 6(a)."

[¶25] The parties to this appeal rely on *Shafer v. Job Serv. N.D.*, 464 N.W.2d 390 (N.D. 1990), and *Ellis*, 2020 ND 14, which both addressed whether N.D.R.Civ.P. 6(e) applied to extend time requirements related to appeals from administrative actions.

7

[¶26] This case is different than *Shafer* and *Ellis*. In both *Shafer* and *Ellis*, we were determining whether N.D.R.Civ.P. 6(e) applied to statutory requirements for an appeal from an agency to the district court. In this case, Larson's argument would require us to determine the Rules of Civil Procedure apply to the statutory procedure required for an agency's internal review of its own decision. However, in a case not cited to us we rejected similar arguments.

[¶27] In *Amoco Oil Co. v Job Serv. N.D.*, 311 N.W.2d 558, 560 (N.D. 1981), we decided whether an intra-agency appeal was timely filed. The employer requested the agency review an appeals referee decision, and the agency denied the employer's request on the basis that the request was untimely and the referee's decision had become final. *Id.* at 559-60. The employer was required by the statute to file the request for review within twelve days of the date of mailing the notice of decision, and the employer argued it had three additional days to request review under N.D.R.Civ.P. 6(e). *Id.* at 561-62. We rejected the employer's argument and concluded the appeal was untimely, explaining:

> We are not aware of any rule or case law which provides that the rules of civil procedure apply to proceedings within an agency or intra-agency appeals as distinguished from appeals from the decision of an agency to the district court. We have held that the court-adopted rules apply to appeals from an administrative agency to the district court, and for that matter, appeals from the district court to the Supreme Court; but no case has been called to our attention and our research does not reflect a decision of this Court which has held that the Court-adopted rules of procedure apply to intra-agency appeals and procedures.
>
> The rules that may have application are contained in the administrative regulations adopted pursuant to [N.D.C.C. §§] 28-32-02, 28-32-02.1 and 28-32-03, and set out in the Administrative Code . . .
>
> The cases to which [the employer] has referred in support of its position that the time should not be strictly adhered to all involved appeals from an administrative agency to the court, as distinguished from an appeal from one section or echelon to another within the agency an intra-agency appeal.

8

*Id.* at 562.

[¶28] Larson has not directed us to any recent cases in which we have held the rules of civil procedure apply to intra-agency appeals. The rationale we used in *Amoco* still applies.

[¶29] Under N.D.C.C. § 65-04-32(2), the legislature fixed the time for filing a request for reconsideration at thirty days from the date the notice of decision was mailed. The legislature set the time for filing a petition for reconsideration including the time for service by mail. The legislature contemplated the notice of decision would be served by mail and limited the time for filing a request for reconsideration to thirty days. We decline to extend that time period through the application of N.D.R.Civ.P. 6(e)(1).

[¶30] Larson's request for reconsideration was not timely, WSI correctly applied the law, and Larson was not entitled to reconsideration of WSI's decision. Larson has not shown she has a clear legal right to review of WSI's initial decision determining Active Nutrition is an employer. Because there is no violation of the law to correct, the district court did not abuse its discretion by denying Larson's request for a writ of mandamus.

IV

[¶31] We affirm the judgment.

[¶32] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

9