# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2024 ND 162

Thomas L. Zundel,                                                  Petitioner

v.

City of Jamestown; and Jamestown Municipal Court,          Respondents

### No. 20240080

Petition for Writ of Mandamus.

PETITION GRANTED IN PART AND DENIED IN PART.

Opinion of the Court by Tufte, Justice.

Jesse H. Walstad, Bismarck, N.D., for petitioner.

Abbagail C. Geroux (argued), Assistant City Prosecutor, and Leo A. Ryan (on brief), City Prosecutor, Jamestown, N.D., for respondents.

**Tufte, Justice.**

[¶1]   Thomas Zundel petitions this Court for a writ of mandamus ordering the Jamestown Municipal Court to close a 1990 criminal case and for declaratory relief restoring his constitutional rights under article I, section 1 of the North Dakota Constitution and the Second Amendment of the United States Constitution. We grant the petition in part and deny the petition in part.

I

[¶2]   Thomas Zundel attempted to buy a firearm, but the purchase was denied when a background check using the National Instant Criminal Background Check System (NICS) revealed a 1990 simple assault charge in Jamestown Municipal Court. NICS showed the charge was continued for a year and Zundel was ordered to participate in counseling. NICS failed to confirm a conviction. Zundel filed a voluntary appeal of the NICS denial with the FBI. The FBI determined the 1990 case was a "potential prohibitor" and told Zundel to contact the Jamestown Police Department to obtain the missing information on the charge within 88 days or the file could not be processed.

[¶3]   Zundel attempted to obtain records from the Stutsman County Clerk of Court and the Jamestown Municipal Clerk of Court, but both responded that they had no records relating to his arrest or conviction or any other records of a court case. He also requested records from the Jamestown Police Department, Jamestown City Attorney, North Dakota BCI, and FBI. None had any records beyond the criminal background check reflecting a 1990 arrest by the Jamestown Police Department for simple assault annotated as "CONTINUED FOR 1 YR PENDING COUNSELING OUTCOME." Zundel explained to the FBI that his search for records had failed and requested a favorable adjudication. The FBI denied the appeal, holding the absence of a final disposition meant the potentially prohibiting record could not be nullified. Zundel now petitions this Court for a writ of mandamus directing the Jamestown Municipal Court to close his simple assault case.

[¶4]   Article VI, section 2 of the North Dakota Constitution states this Court "shall have appellate jurisdiction, and shall also have original jurisdiction with authority to issue, hear, and determine such original and remedial writs as may be necessary to properly exercise its jurisdiction." "This Court's authority to issue original writs is discretionary and may not be invoked as a matter of right." *Berg v. Jaeger*, 2020 ND 178, ¶ 7, 948 N.W.2d 4. "It is well settled that the power to exercise our original jurisdiction extends only to those cases where the questions presented are *publici juris* and affect the sovereignty of the state, the franchises or prerogatives of the state, or the liberties of its people." *Riemers v. Jaeger*, 2018 ND 192, ¶ 5, 916 N.W.2d 113. "The interest of the state must be primary, not incidental, and the public must have an interest or right that is affected." *Id.*

[¶5]   The issues in this case concern the municipal court's duty to maintain accurate public records concerning the disposition of cases it has adjudicated and to provide those records to the public when requested. As part of its administrative supervision over the state's unified judicial branch, the supreme court has provided record retention requirements for all courts in this state. N.D. Sup. Ct. Admin. R. 19 ("This rule applies to all court records under the jurisdiction of the clerks of district court, municipal judges, and to commissions, boards, committees, and offices under the supervision of the supreme court.").

[¶6]   The courts of this state have a fundamental obligation to maintain accurate records of their proceedings. These records serve as the cornerstone of an open and accountable judicial system. This duty is not a matter of mere administrative convenience—it plays a crucial role in upholding the principles of due process and the rule of law. By accurately documenting court proceedings, decisions, and the rationale behind them, courts create an accessible record that allows for public scrutiny, facilitates appellate review, and ensures consistency in the application of law. Accurate and complete court records are essential for background checks for security clearances and sensitive employment positions, ensuring that decision-makers have a comprehensive understanding of an individual's legal history. In criminal proceedings, these records provide crucial

information for sentencing decisions and can be used to assess the credibility of witnesses. Furthermore, in family law matters, court records play a pivotal role in informing decisions about parenting time and visitation rights, directly affecting the well-being of children and families. Here, the right to keep and bear arms is implicated; in other situations, the right to vote or restrictions on participation in federal benefits and other programs may be affected. Beyond these examples, court records can also be critical in immigration proceedings, professional licensing decisions, and even in protecting individuals from identity theft or mistaken identity in legal matters. Ultimately, the careful maintenance of court records is essential to the integrity of the judicial system by fostering public trust and safeguarding the rights of all individuals who come before the court, while also serving as a vital resource for personal, professional, and legal decisions that extend far beyond the courtroom.

[¶7] Under article XI, section 6 of the North Dakota Constitution: "Unless otherwise provided by law, all records of public or governmental bodies . . . shall be public records, open and accessible for inspection during reasonable office hours." Our rules recognize the public has an interest in access to court records, which are presumed open. N.D. Sup. Ct. Admin. R. 41; *State v. M.J.W.*, 2020 ND 183, ¶ 6, 947 N.W.2d 906. We conclude retention of and access to court records is a matter of public interest warranting the exercise of this Court's original jurisdiction to consider Zundel's petition.

### III

[¶8] Zundel argues this Court should mandate closure of his Jamestown Municipal Court simple assault case from November 1990.

[¶9] Section 32-34-01, N.D.C.C., empowers this Court to issue a writ of mandamus:

> The writ of mandamus may be issued by the supreme and district courts to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to

3

which the party is entitled and from which the party is precluded unlawfully by such inferior tribunal, corporation, board, or person.

[¶10] Whether to issue a writ of mandamus is left to this Court's discretion. *Little v. Stark Cnty. Sheriff on behalf of Stark Cnty. Sheriff's Office*, 2018 ND 22, ¶ 8, 906 N.W.2d 333. "A petitioner for a writ of mandamus must show there is no plain, speedy, and adequate remedy in the ordinary cause of the law and that they have a clear legal right to the performance of the particular act sought to be compelled by the writ." *Larson v. N. Dakota Workforce Safety and Ins.*, 2022 ND 118, ¶ 17, 975 N.W.2d 552 (quoting *Motisi v. Hebron Pub. Sch. Dist.*, 2021 ND 229, ¶ 10, 968 N.W.2d 191) (quotations omitted); *Trinity Hosps. v. Mattson*, 2006 ND 231, ¶¶ 6-8, 723 N.W.2d 684.

A

[¶11] The City of Jamestown and the Jamestown Municipal Court argue this Court should not grant a writ because Zundel has an adequate remedy in federal court under *Ross v. Fed. Bureau of Alcohol, Tobacco, Firearms, and Explosives*, 903 F. Supp. 2d 333, 337 (D. Md. 2012).

[¶12] In *Ross*, the Plaintiff attempted to buy a firearm, but his purchase was delayed because he had a potentially prohibitive charge on his record for a 1965 arrest for "Assault on Female," but the record did not show a conviction. 903 F. Supp. 2d at 337. NICS informed Ross it was unable to complete his information, which would subject his future firearms transactions to delay. *Id.* at 341. The court found the NICS Section erroneously shifted the burden to Ross to prove there was not a conviction by requiring him to submit an updated record, and concluding "[n]othing in the regulations supports the NICS Section's position that the prospective transferee must disprove the existence of a potentially disqualifying criminal record to avoid all future delays." *Id.* The Court held that because there was no recorded conviction, the Plaintiff was improperly denied a firearm. *Id.* at 342.

[¶13] If Zundel filed suit in federal district court, the court may be persuaded by the reasoning of the court in *Ross*, but a district court opinion from another federal circuit is not binding on other courts. A federal court relying on *Ross* may

4

provide a remedy for Zundel, but only for a particular firearms transaction. Although this petition arises in response to a denied firearms transaction, Zundel's request relates to state court records. A federal suit would not be an adequate alternative remedy to vindicate Zundel's and the public's clear legal right to access accurate court records. Thus, we exercise our discretion to consider whether the municipal court satisfied its duty to maintain and provide access to court records and whether to issue a writ ordering the municipal court to take further action relating to the records at issue here.

B

[¶14] "The judicial power of the state is vested in a unified judicial system consisting of a supreme court, a district court, and such other courts as may be provided by law." N.D. Const. art. VI, § 1. "The supreme court shall have authority to promulgate rules of procedure . . . to be followed by all the courts of this state." N.D. Const. art. VI, § 3. Under North Dakota Supreme Court Administrative Rule 19(2)(c) (1978 Rev. 1985), "[t]he judge of a municipal court or a clerk designated by the judge shall be responsible for the administration of all municipal court records in accordance with this records retention schedule." The retention schedule in effect in 1990 specified a retention period of "permanent" for the Register of Criminal Actions, which required the municipal court to keep that record indefinitely. N.D. Sup. Ct. Admin. R. 19(8)(34) (1985).

[¶15] The retention schedule and Rule 19 have been amended several times since then, but at all relevant times the rules required municipal courts to indefinitely retain the register of criminal actions. N.D. Sup. Ct. Admin. R. 19(4)(a). A record must be kept of the destruction, transfer to the state archives, or other disposition of court records. N.D. Sup. Ct. Admin. R. 19(6). The disposition of a criminal action, such as a judgment of conviction, a finding of not guilty, or other reason for discharge, is an essential part of the register of actions and must be filed and retained permanently in the register of actions. *See* N.D.R.Crim.P. 32(b). As a court of this state subject to Rule 19, the municipal court has a duty to maintain records.

[¶16] According to the FBI report attached as an exhibit to this petition, Zundel was arrested by the Jamestown Police Department for simple assault on November 2, 1990. If it had been retained, the missing record of actions for this case would inform Zundel and the public of the disposition of any court case filed as a result of his 1990 arrest. A register of actions containing the disposition of this case should have been indefinitely retained, but the record apparently does not exist. We must therefore consider what the duty of a court is when it appears a register of actions containing the disposition cannot be located.

[¶17] "Statutes may prescribe the procedure to obtain restoration or substitution of lost or destroyed judicial records[.]" 52 Am. Jur. 2d § 21. Such statutes "address the issue in various ways, such as by permitting a party to seek a court declaration as to whether a record existed, and if so, what the substance of it was." *Id.* For example, federal statutes govern procedures to restore lost or destroyed records of files of a court of the United States. *See* 28 U.S.C. § 1735. "Whenever the United States is interested in any lost or destroyed records or files of a court of the United States, the clerk of such court and the United States attorney for the district shall take the steps necessary to restore such records or files, under the direction of the judges of such court." 28 U.S.C. § 1735(b). North Dakota does not have a specific statute or procedure in place for lost, destroyed, or missing administrative records. Notably, however, in cases involving lost or missing evidentiary records, the solution is generally recreation of the record. *See e.g., Masset v. Dir., N. Dakota Dep't of Transp.*, 2010 ND 211, ¶ 9, 790 N.W.2d 481 (holding "the Department must recreate the record through [ ] testimony which is sufficient in the hearing officer's discretion to replace evidence lost when the original recording failed"). In cases where the record is unclear, it is the duty of the district court to settle the record. *See, e.g.,* N.D.R.App.P. 10(h)(1) ("If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by the district court and the record conformed accordingly.").

[¶18] Courts, as keepers of the record, have an inherent power to restore or substitute lost or destroyed records. *See* 52 Am. Jur. 2d § 19 ("Inherent in every court of general jurisdiction is the power to restore or substitute papers, files, and records which have been lost or destroyed[.]"). "Given the inherent powers

6

of the court to restore its own records, statutory methods for supplying lost records may not be the exclusive method of doing so." 52 Am. Jur. 2d § 19; *see also Red River & Lake of the Woods R.R. Co. v. Sture*, 32 Minn. 95, 100, 20 N.W. 229, 231 (1884) ("Independently of statute, and by virtue of its inherent powers, unaffected by lapse of time, every court has the right to replace its records when lost or destroyed by accident, negligence, or wantonness."). A court, including the municipal court here, has a duty to replace or reconstruct the record. Absent a statutory procedure to do so, the court has discretion how to restore the record. *See, e.g.,* N.D.R.App.P. 10(h) (absent stipulation by the parties, the district court shall settle the record).

[¶19] The first logical step is for the custodian to thoroughly search its records in an attempt to locate the record. *See* N.D. Sup. Ct. Admin. R. 19(2)(d) ("Each district and municipal court must designate an administrative records custodian to manage retention and disposition of the administrative records under the court's jurisdiction."). If the record cannot be located, then a reasonable attempt to reconstruct the record must be made. Reasonable attempts may include seeking copies from other public agencies, litigants, or others likely to have retained copies, or by examining any available related documents. *See, e.g., Haney v. Haney*, 163 Minn. 114, 119, 203 N.W. 614 (1925) (accepting an affidavit made by counsel wherein he detailed the contents of a missing record and explaining "statute authorizes the court to permit a copy to be filed and used instead of a lost file"). The parties may submit their own affidavits or documentary support. *See, e.g.,* N.D.R.App.P. 10(f) (party may prepare a statement of the proceedings from the "best available means" including his own recollection, and opposing party may submit objections to the statement). Upon request, the court may schedule a hearing to address any missing record to allow interested persons to present any documents or testimony relevant to the inquiry. *See In re Bird's Est.*, 410 Ill. 390, 400, 102 N.E.2d 329 (1951) (stating the power to restore lost records is inherent and "the court must proceed cautiously in any such proceeding to restore lost records"); *contra White v. United States*, No. 07-CV-262, 2010 WL 455260, at *1 (E.D. Wis. Feb. 9, 2010) ("28 U.S.C. § 1735(b) is a discretionary rule that requires a hearing to restore a record 'only where a judge of the district court so directs.'"). Ultimately, the court may make findings and enter an order

regarding the missing record, detailing the steps taken to locate or reconstruct the missing record and stating the outcome of that effort. That order must be kept as a substitute for the missing record.

[¶20] We grant the petition in part and order the Jamestown Municipal Court to conduct further proceedings consistent with this opinion.

IV

[¶21] Zundel also seeks declaratory relief, arguing this Court should declare Zundel was not charged with a crime involving domestic violence. Zundel also argues this Court should declare he was not convicted of domestic violence in relation to his November 1990 simple assault charge and his right to possess a firearm was not legally impaired.

[¶22] "The declaratory judgment act, NDCC Ch. 32–23, is remedial and is to be liberally construed to settle uncertainty concerning rights, statuses, and other legal relations." *Medcenter One, Inc. v. N. Dakota State Bd. of Pharmacy*, 1997 ND 54, ¶ 9, 561 N.W.2d 634. Zundel asks us to resolve whether the facts underlying the Jamestown Municipal Court simple assault case from November 1990, or the nature of any resulting conviction, involved domestic violence without any evidence in the record on which we could make such a finding. We deny his requests for declaratory relief.

V

[¶23] We grant the petition in part and direct the Jamestown Municipal Court to perform a diligent inquiry and set out the results of that inquiry in a record to be maintained consistent with N.D. Sup. Ct. Admin. R. 19. We deny the petition's requests for declaratory relief.

[¶24] Jon J. Jensen, C.J.
    Lisa Fair McEvers
    Jerod E. Tufte
    Douglas A. Bahr
    Daniel D. Narum, D.J.

8

[¶25] The Honorable Daniel D. Narum, District Judge, sitting in place of Crothers, J., disqualified.